# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3386

_____

| | | |
|---|---|---|
| Wilma Rutten; John William Rutten, II; | * | |
| James L. Rutten; Michael G. Rutten; | * | |
| Tamara Runge, | * | |
| | * | Appeal from the United States |
| Plaintiffs/Appellants, | * | District Court for the |
| | * | Eastern District of Missouri. |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Defendant/Appellee. | * | |

_____

Submitted: April 15, 2002

Filed: August 22, 2002

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Plaintiffs, relatives of John William Rutten, appeal the district court's[1] dismissal of their wrongful death suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

## I.

Rutten was an employee of the Defense Accounting and Employment Service. On June 7, 1994, he underwent his routine physical at the Federal Occupational Health Service Facility (the Health Service). The examination included the taking of a chest x-ray at the Military Enlistment Process Station (the Process Station), a unit of the Department of Defense, which had a contract to read a limited number of x-rays per year for the Health Service. The x-ray was read by Dr. Cesar Augustin, who was an independent contractor for the Process Station. Augustin determined that the x-ray was negative and generated a report to that effect. The Process Station provided the report to the Health Service, which in turn reported the negative result to Rutten.

Approximately eleven months later, another chest x-ray revealed that Rutten was suffering from lung cancer, from which he died on December 28, 1995. On October 28, 1999, after pursuing an administrative claim with the Department of Health and Human Services, plaintiffs brought suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (the Act), alleging negligence and malpractice in the reading of the first x-ray. The district court granted the government's motion to dismiss, concluding that Augustin was an independent contractor rather than an employee of the United States.

## II.

The Act waives sovereign immunity, thereby allowing suits against the United States "for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b).

Employees of the government include "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity . . . ." 28 U.S.C. § 2671. Contractors are explicitly exempted from the definition of federal agency. 28 U.S.C. § 2671.

## A.

Although plaintiffs concede that Augustin was a contractor, they argue that by reading the x-ray and providing the report, Augustin performed an official act on behalf of the Process Station and thus was an employee of the government because he provided a service that the Process Station had contracted to provide to the Health Service. Thus, they argue that by virtue of the agreement between the Health Service and the Process Station, Augustin's contractor status is not germane to the United States' liability. We do not agree. Because "the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception." United States v. Orleans, 425 U.S. 807, 814 (1976). We must narrowly construe waivers of sovereign immunity in favor of the sovereign and resolve any ambiguities in its favor. See United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992).

Under plaintiffs' approach, any contractor could be found to act on behalf of a federal agency when he performs a service that the agency is contractually obligated to perform on behalf of another agency. Such an interpretation would unacceptably narrow the contractor exception, and we decline to adopt it here. However erroneous Augustin's reading of Rutten's x-ray may have been, Augustin was nevertheless acting in his capacity as an independent contractor when he made that reading, and the generation of the report based on that reading did not change his status to that of an employee of the United States.

-3-

**B.**

We also reject plaintiffs' contention that the United States should be estopped from relying on the contractor exemption because of its alleged delay in providing plaintiffs with Augustin's identity during the administrative claims process. To establish a claim of equitable estoppel against the government, the claimant must prove: 1) false representation by the government; 2) that the government had the intent to induce the plaintiff to act on the misrepresentation; 3) the plaintiff's lack of knowledge or inability to obtain the true facts; and 4) the plaintiff's reliance on the misrepresentation to his detriment. Story v. Marsh, 732 F.2d 1375, 1383 (8th Cir. 1984). In addition to proving the traditional elements of estoppel, the plaintiff must first establish that the government committed affirmative misconduct. Wang v. Att'y Gen. of the United States, 823 F.2d 1273, 1276 (8th Cir. 1987) (citing INS v. Miranda, 459 U.S. 14, 17 (1982) (per curiam)).

Plaintiffs argue that the United States' actions amounted to affirmative misconduct because Augustin's identity was solely within the knowledge of the United States and because the United States unreasonably delayed in providing Augustin's identity to them during the administrative claims process. Plaintiffs contend that as a result of that delay the state statute of limitations expired before they learned of Augustin's identity.

However dilatory the government may have been in disclosing Augustin's identity to plaintiffs, that unresponsiveness did not rise to the level of affirmative misconduct on the part of the United States. See id. Accordingly, we conclude that plaintiffs' claim of estoppel must fail.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.