NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 13-3143
_____

RAPHAEL THEOKARY,
                                            Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-06420)
District Judge:  C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2014

Before:  FUENTES and SHWARTZ, *Circuit Judges*, and ROSENTHAL,* *District Judge.*

(Filed: March 31, 2014)
_____

OPINION OF THE COURT
_____

Rosenthal, *District Judge*.

----

  * The Honorable Lee H. Rosenthal, District Judge for the United States District Court for the Southern District of Texas, sitting by designation.

Raphael Theokary appeals from the District Court's dismissal of his complaint seeking damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671–2680. Theokary's original basis for his complaint—that he was injured by two Deputy United States Marshals when they removed him from a Bankruptcy Court courtroom—proved unavailing because the officers involved were Court Security Officers (CSOs) who worked as independent contractors, not employees of the United States Marshals Service. Theokary then argued that the government was estopped from asserting the independent-contractor defense to FTCA liability on the ground that he and his lawyer had been misled into believing that the officers involved were Deputy United States Marshals. The District Court granted the government's motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The issue on appeal is whether the District Court erred in rejecting Theokary's estoppel argument. Finding no error, we affirm.[1]

## I.

On November 30, 2009, Theokary attended a hearing in the United States Bankruptcy Court at the Robert N.C. Nix Federal Building in Philadelphia, Pennsylvania. During the hearing, two CSOs escorted Theokary out of the courtroom, allegedly aggravating a prior injury to his arm. According to Theokary, the CSOs identified themselves as with the "U.S. Marshals Service." The CSOs were employees of MVM,

---

[1] This court has jurisdiction over an appeal of a dismissal for lack of jurisdiction pursuant to 28 U.S.C. § 1291. *C.N.A. v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). We review the District Court's findings of fact related to jurisdiction for clear error, and exercise plenary review over its legal conclusions. *Id.*

Inc., a private security company that contracted with the Service to provide courthouse security in the Third Judicial Circuit.

On February 15, 2010 and August 9, 2010, Theokary's lawyer sent letters via certified mail to the Service stating that "U.S. Marshals" had injured Theokary at the courthouse in November 2009. On November 8, 2010, John Patterson, the tort-claims administrator for the Service, sent an email to Theokary's counsel outlining the process for filing a tort claim against the agency, and explaining that the FTCA "provide[s] for the payment of claims which arise from the negligent or wrongful acts or omissions of an employee of the Federal Government." App. at 61a. Patterson attached an administrative-claim form to his email.

Through his counsel, Theokary filed an administrative claim on November 15, 2011, two weeks before limitations expired. The Service denied the claim on June 11, 2012, stating that the officers involved in the courtroom incident were CSOs who were independent contractors, not government employees. App. at 19a ("[T]he CSOs are government contractors and not USMS [United States Marshals Service] employees."). Theokary then sued the government in the United States District Court for the Eastern District of Pennsylvania, under the FTCA.

The government moved to dismiss for lack of subject-matter jurisdiction on the ground that the CSOs involved in the incident were independent contractors and therefore the FTCA did not waive sovereign immunity for Theokary's claim. The government also argued that it was not estopped from asserting this defense. The District Court ruled that

3

the government was not estopped and granted the motion to dismiss. Theokary timely appealed.

## II.

The FTCA "waives the sovereign immunity of the United States in its district courts for tort claims caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)) (internal quotations and brackets omitted). The United States is not liable for torts committed by its independent contractors. *See Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997).

Theokary does not challenge the District Court's conclusion that the CSOs who allegedly injured him were independent contractors. Instead, Theokary contends that the District Court erred by not estopping the government from asserting the independent-contractor defense.

To assert estoppel against the government, a party must show (1) a misrepresentation by the government, (2) on which the plaintiff reasonably relied, (3) to his detriment, and (4) affirmative misconduct by the government. *See United States v. Asmar*, 827 F.2d 907, 912–13 (3d Cir. 1987); *Fredericks v. CIR*, 126 F.3d 433, 438 (3d Cir. 1997). The record, including the pleadings and evidence Theokary submitted, shows

4

that the government did not misrepresent any fact and did not engage in affirmative misconduct.

Theokary has pointed to no record evidence showing that the government misrepresented any fact to him. Until Theokary filed his administrative claim, the Service made no statement about the employment status of the officials who allegedly injured him. Although Theokary asserted that the CSOs escorting him from the courtroom identified themselves as "U.S. Marshals Service," there is no legal or factual basis to find that this was a statement made by, or attributable to, the United States.

Nor is there a legal or factual basis for Theokary's argument that the government engaged in affirmative misconduct by not promptly disclosing the employment status of the officers who allegedly injured him. Theokary appears to argue that the Service should have responded to his February and August 2010 letters informing the Service of his injury by disclosing that the officers involved in the incident were CSOs who were independent contractors and not Deputy Marshals who were government employees. *See* Appellant's Brief at 8 ("It was easy for John Patterson to supply the information since the information in question was in the possession of the Marshal[]s Service"). Counsel's letters, however, did not ask about the employment status of the individuals who allegedly injured him. Instead, the letters simply asserted that "Marshals" had injured Theokary. In response, Patterson, the tort-claims administrator for the Service, sent information about how to file a tort claim. No representation, much less a

misrepresentation, was made.  The government engaged in no affirmative misconduct.[2]

Other courts have followed a similar approach when FTCA plaintiffs have sought to estop the government from asserting the independent-contractor defense in similar circumstances.  In *Rutten v. United States*, 299 F.3d 993 (8th Cir. 2002), an FTCA case, the government did not timely inform the plaintiffs that a doctor whose negligence allegedly injured the plaintiffs' relative was an independent-contractor.  The court held that the government's failure to provide this information was not affirmative misconduct. *Id.* at 996.  "However dilatory the government may have been in disclosing [the doctor's] identity to plaintiffs, that unresponsiveness did not rise to the level of affirmative misconduct on the part of the United States."  *Id.*; *see also Wollaver v. United States*, No. 89-cv-0772, 1989 WL 83485, at *4 (E.D. Pa. July 21, 1989) (stating that the government's failure to "disclose the name of the proper defendant . . . even if intentional, is insufficient to constitute fraudulent concealment since plaintiff had the duty of investigation as to possible liable persons"); *Gerth v. United States*, No. 03-civ-3708, 2007 WL 2324324, at *5 (S.D.N.Y. Aug. 15, 2007) ("The Government's delay in informing plaintiff of the identity of the actual contractor does not rise to the level of affirmative misconduct."); *cf. Ranieri v. United States*, No. 09-cv-448, 2010 WL 3447548, at *4 (D. Neb. Aug. 27, 2010) (relying on *Rutten* to reject the plaintiff's argument that the government should have been estopped from asserting the independent contractor defense).

---

[2] Patterson's responses to Theokary's counsel's emails, including his warning that the FTCA applies only to government employees and his reminder to counsel that the statute of limitations was near expiration, demonstrate good faith as opposed to affirmative misconduct.

Theokary, like the plaintiff in *Rutten* and other cases, argues that the government's failure to identify the alleged tortfeasors as independent contractors constitutes affirmative misconduct. The record and the precedents lead us to agree with the District Court that Theokary cannot show that the government engaged in affirmative misconduct. The FTCA's waiver of sovereign immunity does not apply because of the independent-contractor defense, which the government is not estopped from asserting.

### III.

The District Court's judgment in favor of the Appellee will be affirmed.