**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PHILIP ANDRA GRIGSBY,

     Defendant-Appellant.

No. 14-3067
(D.Ct. No. 6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

     After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

     Appellant Philip Andra Grigsby, appearing pro se, appeals the district

court's March 14, 2014 order denying certain motions filed after imposition of his

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

260-year sentence, supervised release, forfeiture of certain property, and victim restitution. Exercising our jurisdiction, we remand for reconsideration and an expedited hearing on that portion of the district court's order, as identified below, concerning Mr. Grigsby's March 7, 2014 motion for reconsideration, for modification of the restitution judgment. We affirm the remainder of the district court's order on Mr. Grigsby's March 7, 2014 motion for reconsideration, March 10, 2014 motion for reconsideration pertaining to certain transcripts, and February 27, 2014 motion for return of certain photographs.

I. Factual and Procedural Background

Mr. Grigsby's instant appeal involves a procedural maze of motions following his conviction, as shown hereafter. On November 15, 2012, Mr. Grigsby pled guilty to eight counts of sexual exploitation of a nine-year-old child for the purpose of producing visual depictions, in violation of 18 U.S.C. § 2251(a), one count of possessing with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Prior to sentencing, the government requested, and the court granted its motion for, preliminary forfeiture of certain property identified in the superceding indictment and related to the pornography and firearms charges against Mr. Grigsby, including computer equipment, various cameras, and the photographs contained therein. Thereafter, on February 28, 2013, the district court granted Mr. Grigsby's motion for access

and permission to copy certain family photographs contained in his forfeited computer which he alleged were non-pornographic.

On March 28, 2013, the district court conducted an evidentiary hearing for the purpose of sentencing; the government presented the testimony of a "licensed master of social work and certified therapist at St. Francis Community Services," Jesse Lemuz, who testified on his counseling sessions with the minor victim and his assessment of the victim's mental state. Following the sentencing hearing, the district court entered a judgment on May 21, 2013, sentencing Mr. Grigsby to a total of 260 years' imprisonment and ordering forfeiture of the same or similar property previously forfeited, including computer equipment involving a laptop, desktop, webcam, modem, router, external hard drive, and flash drives; digital or pixel cameras; video cameras; a DVD player; sex toys and lingerie; and five rifles, two shot guns, two revolvers, and ammunition. It also imposed a ten-year term of supervised release with certain general and special conditions, including a special condition prohibiting him from contacting the minor victim. However, the district court continued its ruling on restitution, scheduling a hearing for June 24, 2013, for the purpose of considering evidence on the issue of restitution for the nine-year-old victim and her mother and stating an amended judgment would be issued at that time. On May 31, 2013, Mr. Grigsby filed a timely notice of appeal of his 260-year sentence but did not appeal his conviction, supervised release, or the forfeiture of his property; nor did he raise any restitution issue pending the

upcoming hearing on that matter.

The restitution hearing, which was continued, was held on July 29, 2013, and on July 30, 2013, the district court issued an amended judgment modifying the original judgment by including its ruling on the restitution amount and awarding $126,440 to the minor victim and $13,560 to the minor victim's mother. The rest of the judgment remained the same, including the length of his sentence, supervised release, and forfeiture of property. Mr. Grigsby did not appeal the amended judgment.

Six months later, and prior to our disposition of the appeal of his 260-year sentence, Mr. Grigsby began filing multiple motions. On January 31, 2014, he filed a motion to modify the restitution order. In his motion, he advised the court the restitution payments were being made to the mother of the minor victim and that, as a relative of the minor victim, he is interested in the child's well-being. He then provided statements and/or documents showing: 1) on September 3, 2013, the minor victim and a minor sibling were placed in the custody of the Kansas Department for Children and Families as a result of lack of supervision and medical neglect by their mother; 2) a state petition was pending concerning the custody and care of the minor victim on grounds of inadequate parental care, control, or subsistence concerning the minor victim's physical, mental, or emotional health; and 3) Mr. Grigsby is involved in a divorce proceeding which will affect restitution to the minor victim and her mother. In support of the

allegation of neglect, Mr. Grigsby provided a state court document in which the government advised the Reno County District Court of medical and supervisory neglect of the minor victim by the mother, including the fact the minor victim is frequently or chronically left at home alone with her younger sibling while the mother spends time at her boyfriend's house. As relief, Mr. Grigsby requested the payment structure for restitution be modified and a trust fund be created for the minor victim, with the details approved by the court, and further requested his union pension benefits, bonds, coin collection, insurance benefits, and any other monetary interest be turned over to the executor of the trust. Mr. Grigsby also stated his own mother was willing to make regular contributions to the trust account for the benefit of the minor victim and that both the welfare and divorce courts were aware of his efforts to create such a trust.

In addition, Mr. Grigsby requested the special condition, prohibiting his contact with the minor victim, be modified and that he be allowed permission to contact the minor victim at a time a psychologist deems appropriate and to immediately contact another minor child to whom he is also related. Finally, he requested a new assessment of psychological need because Mr. Lemuz received a cease and desist order on February 28, 2011, prohibiting him from conducting independent, unsupervised practice of social work and psychotherapy in Kansas without a license.

On February 14, 2014, the district court issued a memorandum and order

denying Mr. Grigsby's motion to modify the restitution order and noting his criminal "conviction" (rather than his sentence) was still on appeal. It summarily ruled it retained only limited jurisdiction under 18 U.S.C. § 3664(k) to modify a restitution order based on a claim of "material change in the defendant's economic circumstances" and that Mr. Grigsby's motion was not grounded on any such change. In addition, it declared it was limited to actions which would not change the appealed judgment in any meaningful way.

Thereafter, Mr. Grigsby filed another motion, requesting certain evidentiary and sentencing hearing transcripts, including those concerning restitution, as "a substantial element of his appeal and other review matters." On February 19, 2014, the district court denied the motion, ruling: 1) "the matter is presently on appeal"; 2) the May 20, 2013 sentencing hearing transcript was made part of the record on appeal; and 3) Mr. Grigsby was represented by counsel and made no showing of his particularized need for the transcripts.

On February 27, 2014, Mr. Grigsby filed yet another a motion, under Federal Rule of Criminal Procedure 41(g), for return of certain forfeited property involving non-pornographic photographs gained through the district court's earlier order which allowed his copying of such photographs, and which he released to his wife, whom he is now divorcing. Mr. Grigsby requested the photographs be released to a third party for the benefit of the minor victim. On March 7, 2014, Mr. Grigsby filed a motion for reconsideration of the order

denying his motion to modify restitution and, on March 10, 2014, filed a motion for reconsideration of the order denying his motion for certain transcripts.

On March 14, 2014, the district court issued a minute order denying Mr. Grigsby's motion for return of the non-pornographic photographs, for the same reasons stated in its January 2014 order denying modification of the restitution order, and further denying his two motions for reconsideration on grounds they did not advance any legitimate grounds for relief. Mr. Grigsby sent a notice of appeal of this order, which the district court filed on March 31, 2014; however, the affidavit affixed to his appeal stated Mr. Grigsby placed the notice of appeal in the prison mailing system on March 24, 2014.

On April 15, 2014, this court affirmed Mr. Grigsby's 260-year sentence, holding such a sentence was procedurally and substantively reasonable, despite his contention United States Sentencing Guidelines § 2G2.1 lacked an empirical basis. *See United States v. Grigsby*, 749 F.3d 908, 909-11 (10th Cir.), *cert. denied*, 2014 WL 3428839 (Oct. 6, 2014). In disposing of the appeal, we declined to recount "the heinous facts underlying [his] convictions," other than to point out his sentence was enhanced, in part, because his crime involved a relative who had not attained the age of twelve and "material that portrayed sadistic or masochistic conduct or other depictions of violence." *Id.* at 909 n.2.

## II. Discussion

Mr. Grigsby now appeals the district court's order issued March 14, 2014,

denying his two motions for reconsideration and his motion for the return of certain photographs. In so doing, he raises the same issues he raised before the district court. The government opposes his appeal, maintaining it is untimely and, alternatively, that none of his motions had merit.

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) requires a criminal defendant to file a notice of appeal in the district court within fourteen days of the entry of the order being appealed. Here, Mr. Grigsby's appeal was not filed in the district court until March 31, 2014–seventeen days after issuance of the district court's March 14, 2014 order on his motions for reconsideration and return of photographs. However, Federal Rule of Appellate Procedure 4(c)(1) states a criminal prisoner's notice of appeal, when appearing *pro se*, is deemed timely if it is deposited in the institution's internal mail system on or before the last day for filing, as shown by a declaration or notarized statement. In this case, in an affidavit affixed to his appeal, Mr. Grigsby attests he placed the notice of appeal in the prison mailing system on March 24, 2014. This makes his appeal of the district court's March 14, 2014 order timely under the prison mail box rule in Rule 4(c)(1).

While Mr. Grigsby timely appealed the district court's March 14, 2014 order disposing of his motions, we proceed to the issues raised in Mr. Grigsby's appeal, including whether such issues should have been raised on direct appeal or have merit. We begin with his argument presented in his March 7, 2014 motion

for reconsideration of his motion for modification of the restitution judgment. Generally, a challenge to a restitution order should be brought on direct appeal within fourteen days following the judgment or order of restitution[1].  *See* Fed. R. App. P. 4(b)(1)(A)(i).  However, while 18 U.S.C. § 3664(o) states a sentence imposing restitution is a final judgment, it also states restitution can subsequently be modified or adjusted under certain statutes, including 18 U.S.C. §§ 3572 and 3664(k).  *See* 18 U.S.C. § 3664(o)(1)(D).  Section 3664(k) states, in part:

> A restitution order shall provide that the defendant shall notify the court ... of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.  The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.

18 U.S.C. § 3664(k).  At least one court has defined a "material change in the defendant's economic circumstances," under § 3664(k), as a bona fide positive or negative change in the defendant's financial circumstances which affects his ability to pay restitution.  *See Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003).  Section 3664 also states that if the person obligated to provide restitution receives substantial resources from any source during a period of incarceration, such person shall be required to apply the value of such resources to any restitution still owed.  *See* 18 U.S.C. § 3664(n).  In addition, 18 U.S.C.

---

[1]  A majority of circuit courts have also held a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255 as a vehicle for such a challenge.  *See United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (listing majority cases).

-9-

§ 3572 allows a court to modify repayment due to a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay," stating that on receipt of such notice "the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3572(d)(3). If a defendant is in default, 18 U.S.C. § 3613A also allows the court to adjust a payment schedule or take any other action necessary to obtain compliance.

In this case, Mr. Grigsby filed a motion to modify the restitution order, advising the district court the minor victim's restitution payments were being made to the mother of that minor victim, even though the minor victim was no longer in the mother's custody due to the mother's negligence. He also provided documentation showing a pending government petition on the custody and care of the minor victim on grounds of inadequate parental care, control, or subsistence. While this does not directly indicate a change in financial circumstances affecting Mr. Grigsby's ability to pay, it is clear the defendant raised a question as to who should receive the restitution payments for the benefit of the minor child. We can find nothing in the statutes concerning restitution payments which limits the district court from modifying a restitution order for the purpose of changing the recipient of restitution payments for the benefit of, or in the interests of, a minor child.

In addition, in his motion to modify the restitution order, Mr. Grigsby also

indicated he was involved in a divorce proceeding, which he intimated may affect the financial circumstances concerning his ability to pay restitution to the minor victim and her mother, and he further advised he was attempting in the divorce proceeding to create a trust for the benefit of the minor victim, of which the divorce court was aware. He also indicated his interest in placing the restitution payments into the trust, his own mother's willingness to provide monetary payments to the trust, and that he would possibly be placing his union pension benefits, bonds, coin collection, insurance benefits, and other monetary interests in such trust. While this appears to be a matter more aptly dealt with by the divorce court, Mr. Grigsby nonetheless notified the court, as required, of what might be construed to be a change in his economic circumstances concerning his ability to pay restitution.[2]

For these reasons, we remand to the district court that portion of the district court's March 14, 2014 order on Mr. Grigsby's March 7, 2014 motion for reconsideration (on his motion for modification of the restitution judgment) dealing with the issues indicated. The district court should hold an expedited hearing to consider and determine: 1) whether the restitution payments due and owing to the minor child should be modified with respect to who or what entity

---

[2] Even though the district court held Mr. Grigsby's pending appeal on his sentence was a jurisdictional impediment to its ruling on Mr. Grigsby's restitution motion, our decision on the appeal has since issued, leaving no such impediment to its review.

should receive those payments for the benefit of the minor victim; and 2) whether

Mr. Grigsby's economic circumstances have changed for the purpose of

modifying the restitution judgment with respect to the time, type, or method of

full or partial payment of such restitution to the minor child.[3]

As to the other issues in Mr. Grigsby's March 7, 2014 motion for

reconsideration, no remand is necessary. To begin, the conditions of Mr.

Grigsby's supervised release are not part of the restitution judgment but part of

his sentence. However, when he appealed his sentence, Mr. Grigsby failed to

contest the conditions of his supervised release, including the special condition

prohibiting him from contacting the minor child. While Federal Rule of Criminal

Procedure 32.1(b) allows a defendant to file for modification of a special

condition of supervised release while still incarcerated, *see United States v.*

*Pugliese*, 960 F.2d 913, 914-15 (10th Cir. 1992), Mr. Grigsby's motion is

woefully premature, given he only began serving his 260-year sentence in 2013,

---

[3] While the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663(a)(1)(A), requires courts to consider the economic circumstances of the defendant in ordering restitution to a victim, the Mandatory Victims Restitution Act (MVRA), pertaining to victims of crimes of violence, such as presented here, does not permit a court to consider a defendant's economic circumstances when it imposes restitution. *See* 18 U.S.C. § 3664(f)(1)(A); *United States v. Serawop*, 505 F.3d 1112, 1117-18 (10th Cir. 2007). Only after restitution is determined is a defendant required to notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the restitution imposed at sentencing. *See* 18 U.S.C. § 3664(k). In other words, while a defendant cannot contest a district court's initial restitution calculation absent a direct appeal, a later argument his economic circumstances have changed is "fully cognizable" under § 3664(k). *See Cani*, 331 F.3d at 1215.

and he has not provided any legitimate change in circumstance to support modifying the prohibition of his contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any minor child for that matter. Accordingly, the district court properly denied consideration of this issue when it ruled on Mr. Grigsby's March 7, 2014 motion for reconsideration, and no remand is necessary.

As to the last issue raised in Mr. Grigsby's March 7, 2014 motion for reconsideration, regarding his request for a new assessment of psychological need based on the February 2011 cease and desist order issued against Mr. Lemuz, he failed to appeal the restitution judgment or any evidence in support thereof, including Mr. Lemuz's testimony. It is apparent Mr. Grigsby's claim is directed to the original amount of restitution awarded to the victim, as determined by such testimony; however, such a challenge is required to be brought on direct appeal within fourteen days of the restitution order. *See* Fed. R. App. P. 4(b)(1)(A)(i). *See also Cani*, 331 F.3d at 1214-15 (holding that a defendant cannot contest a district court's initial restitution calculation absent direct appeal). While a defendant may, under 18 U.S.C. § 3742, file an appeal for review of a final sentence, such an appeal is limited to a sentence imposed in violation of law or as a result of an incorrect application of the United States Sentencing Guidelines.

*See* 18 U.S.C. § 3664(o)(1)(B).  Mr. Grigsby has shown neither.[4]  For these reasons, the district court properly denied this issue in ruling on Mr. Grigsby's March 7, 2014 motion for reconsideration, and no remand is necessary.

As to Mr. Grigsby's other motion for reconsideration, filed March 10, 2014, concerning his motion to obtain certain hearing transcripts, including those on his sentence and restitution, we agree with the district court's assessment in denying his motion.  Mr. Grigsby has made no showing of his particularized need for the transcripts, including the sentencing hearing transcripts which were part of the record in his initial appeal.  Finally, with regard to Mr. Grigsby's Rule 41(g) motion for return of certain forfeited property involving non-pornographic photographs, we review questions of law relating to Rule 41(g) motions de novo and review the district court's weighing of equitable considerations and its decision to deny such a motion for an abuse of discretion.  *See United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011).  Here, the record clearly shows any requested non-pornographic photographs contained in the forfeited property were obtained by Mr. Grigsby pursuant to the district court's order allowing him

---

[4]  Even if we were to give Mr. Grigsby the benefit of the doubt and consider the cease and desist order as newly-discovered evidence of which he was reasonably unaware for the purpose of contesting the original restitution amount on direct appeal, the 2011 cease and desist order was issued two years before Mr. Lemuz testified at the March 2013 sentencing hearing.  Mr. Grigsby has not shown Mr. Lemuz was still prohibited him from conducting independent, unsupervised practice of social work and psychotherapy in Kansas at the time of the 2013 hearings, or that the testimony of another expert would change the restitution amount awarded.

to copy them, and it is Mr. Grigsby who released them to his wife. Accordingly, this is a divorce proceeding issue. In addition, it is clear Mr. Grigsby failed to appeal the forfeiture order against him. Criminal forfeiture is part of a defendant's criminal sentence, *see United States v. Libretti*, 38 F.3d 523, 527 (10th Cir. 1994), which a defendant is required to challenge on direct appeal,[5] and Mr. Grigsby has not otherwise shown he has a continuing right to pictures stored in any forfeited items following the district court's order allowing him one-time access to them. For these reasons, the district court did not abuse its discretion in denying Mr. Grigsby's motion for return of non-pornographic photographs.

## III. Conclusion

For the foregoing reasons, we **REMAND** for reconsideration and an expedited hearing the portion of the district court's March 14, 2014 order ruling on Mr. Grigsby's March 7, 2014 motion for reconsideration concerning his motion for modification of the restitution judgment, as identified herein, and in accordance with our directions. We **AFFIRM** the remainder of the district court's March 14, 2014 order as it pertains to Mr. Grigsby's February 27, 2014

---

[5] *See id; Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007); *United States v. Christunas*, 126 F.3d 765, 767-68 (6th Cir. 1997); *United States v. Libretti,* 161 F.3d 18, 1998 WL 644265, at *5 (10th Cir. Sept. 9, 1998) (unpublished op.).

motion for return of certain photographs; March 7, 2014 motion for reconsideration, except as identified for remand; and March 10, 2014 motion for reconsideration concerning his motion for certain transcripts.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge