**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

     Defendant - Appellant.

No. 15-3022
(D.C. No. 6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

     Appellant Philip Andra Grigsby challenges the district court's rulings on a

number of post-conviction motions. We lack jurisdiction to hear the appeal of some

motions, but affirm the district court's decision on the others.

**I**

     Mr. Grigsby was convicted in the district court based on his guilty plea to the

sexual exploitation of his minor daughter, possession of child pornography, and being

a felon in possession of a firearm. The district court sentenced him to 260 years'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, supervised release, and forfeiture of certain property, but deferred a ruling on victim restitution to allow for an evidentiary hearing. On direct appeal to this court, Mr. Grigsby challenged only the reasonableness of his sentence, which we affirmed. *United States v. Grigsby (Grigsby I)*, 749 F.3d 908 (10th Cir. 2014). In disposing of the appeal, we declined to recount the "heinous facts underlying [his] convictions," other than to point out his sentence was enhanced, in part, because his crime involved his nine-year-old daughter and "material that portrayed sadistic or masochistic conduct." *Id.* at 909 n.2.

While Mr. Grigsby's direct appeal was pending, the district court held the restitution hearing and entered an amended judgment awarding $140,000 in restitution to the minor victim and her mother (Mr. Grigsby's wife). Mr. Grigsby did not appeal the amended judgment, instead filing multiple motions in his criminal case. Relevant here, he filed a motion to modify the restitution order based in part on his pending divorce from the victim's mother. The district court denied this motion and others, noting that Mr. Grigsby's direct appeal was still pending and concluding that it retained only limited jurisdiction to modify a restitution order based on a material change in a defendant's economic circumstances, which, in its view, Mr. Grigsby had not established. The district court denied Mr. Grigsby's resulting motion to reconsider and he appealed. We reversed in part and remanded for an expedited hearing on Mr. Grigsby's motion for modification of the restitution judgment. *United States v. Grigsby (Grigsby II)*, 579 F. App'x 680 (10th Cir. 2014).

2

The government then filed an application under the Federal Debt Collection Practices Act for a writ of garnishment against Mr. Grigsby's retirement account to enforce the restitution judgment. Mr. Grigsby then filed the following motions that form the subject matter of this appeal: (1) a motion to modify supervised release; (2) a motion to modify the Presentence Investigation Report (PSR); (3) a motion to restructure the restitution order; (4) objections to the writ of garnishment filed by the government against the retirement account; (5) a request for appointment of counsel; and (6) a request for a writ of mandamus requiring the use of particular mailing procedures. The district court held a hearing and later entered an order on February 4, 2015, suspending "ruling on [Mr. Grigsby's] request to modify the restitution awarded for 30 days" and denying the remaining motions. R. at 244. Mr. Grigsby then appealed. Regardless, the district court entered an order denying the request to modify restitution on March 10. Mr. Grigsby did not file a new or amended notice of appeal.

## II

As an initial matter, not all of the issues Mr. Grigsby raises have been resolved by the district court. Because the district court deferred ruling on Mr. Grigsby's remanded request to modify the restitution judgment for 30 days, the restitution issue did not result in a final appealable decision until the March 10 order was entered. *See McClendon v. City of Albuquerque*, 630 F.3d 1288, 1292 (10th Cir. 2011) ("A final decision is . . . one by which the district court disassociates itself from a case" (internal quotation marks omitted)). It is unclear whether Mr. Grigsby is attempting

3

to challenge the district court's refusal to modify restitution following remand by this court. Though Mr. Grigsby discusses the procedural history of the restitution issue in his brief, he does not challenge the merits of the March 10 order. An appellant's opening brief can be considered the functional equivalent of a notice of appeal if it is timely under Fed. R. App. P. 4 and conveys the information required by Fed. R. App. P. 3. *Smith v. Barry*, 502 U.S. 244, 249 (1992). But even if Mr. Grigsby's opening brief, filed April 30, included argument on restitution sufficient to give notice of his intent to appeal that issue as required by Fed. R. App. P. 3, it would still not constitute a timely notice of appeal of the March 10 order. *See* Fed. R. App. P. 4(b)(1) (requiring a defendant's notice of appeal be filed within 14 days of the order being appealed). None of the other documents filed by Mr. Grigsby around this time satisfy Rule 3 or Rule 4 either. Thus, Mr. Grigsby has failed to file anything resembling a timely notice of appeal of the district court's final adjudication of the restitution issue, leaving us without jurisdiction to hear any challenge thereto.

We also lack jurisdiction to consider Mr. Grigsby's appeal regarding garnishment and appointment of counsel. Under 28 U.S.C. § 3205, the district court may enter a final disposition "order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property" only after a writ of garnishment has been issued, the garnishee has responded, and, if requested, the court has conducted a hearing. § 3205(b)(7); *accord United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012). The district court here has yet to issue a final order directing the disposition of the property; it has merely conducted a hearing and ruled

4

on Mr. Grigsby's objections. Indeed, the district court expressly declined to enter the government's proposed "Garnishee Order" because it believed it lacked jurisdiction in light of this pending appeal. Whether the district court's belief is correct or not, it is clear that an additional "step remains to be taken before this matter becomes final and appealable." *Branham*, 690 F.3d at 635. Likewise, Mr. Grigsby's request for appointment of counsel, initially raised in his objections to the government's application for the writ of garnishment, is tethered to the garnishment proceedings and is not appealable until the underlying civil proceedings are finalized. *See Cotner v. Mason*, 657 F.2d 1390, 1392 (10th Cir. 1981) (holding that orders denying appointment of counsel are not immediately appealable as of right). We are therefore unable to hear an appeal of either of these motions.

Finally, Mr. Grigsby asked the district court to issue a writ of mandamus to the clerk's office, public defender, and government requiring the use of Bureau of Prisons mailing procedures. The district court denied the request because Mr. Grigsby did not show extraordinary circumstances for issuing the writ. While Mr. Grigsby's request could seemingly pertain to concluded criminal matters and, thus, be immediately appealable, it appears that the mailing procedures he seeks are in connection with the garnishment proceedings, which, as described herein, have yet to be finalized. Mr. Grigsby has done nothing to demonstrate that we have jurisdiction over the district court's denial of mandamus. Bending over backwards, the only basis to which Mr. Grigsby could moor his interlocutory appeal, as we see it, is construction of the denial of mandamus as a denial of injunctive relief. *See Utah*

5

*State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1496 (10th Cir. 1994) (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)) (construing 28 U.S.C. § 1292(a) to allow immediate appeal of a ruling that has the practical effect of denying or granting an injunction). To support jurisdiction, the district court's order must also be one that will result in serious or irreparable consequences. *So. Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1208 (10th Cir. 2009). Thus, even then, Mr. Grigsby would lose because he has not made a showing of irreparable harm. As the district court cogently noted, Mr. Grigsby has merely expressed a "*preference* for certain mailing procedures" and has not shown that the existing mailing procedures "have actually harmed [him] in any way," R. at 250 (emphasis in original), much less harmed him irreparably.

### III

Only the district court's denial of Mr. Grigsby's motions to modify supervised release and the PSR remain. As a part of his supervised release, Mr. Grigsby is prohibited from any contact with his minor children or their mother. He argues that his minor children desire communication with him and he is concerned that denying them contact with their father when they wish it would have an adverse effect on the therapy they currently receive. Mr. Grigsby also contends that denying them contact with their father during their teen years can lead to confusion and rebellion, and is thus not in the best interests of the children. As to the PSR, Mr. Grigsby maintains that the PSR is confusing and speculative so as to mislead BOP staff into classifying him "higher than [the] guidelines calculate." Opening Br. at 19.

6

In *Grigsby II*, we previously declined to reverse the district court's denial of this proposed modification of supervised release. We concluded that Mr. Grigsby's motion was "woefully premature, given he only began serving his 260-year sentence in 2013, and he has not provided any legitimate change in circumstance to support modifying the prohibition of contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any child for that matter." *Grigsby II*, 579 F. App'x at 686. Our analysis is still just as cogent. Mr. Grigsby is only one year further into his sentence than when we first rendered our conclusion, which is still "woefully premature." *See id*. Furthermore, the only conceivable change in circumstance Mr. Grigsby identifies is that his children are now teenagers, making them susceptible to confusion and rebellion, which is directly undermined by the overwhelming probability that his children will have long left their adolescence behind by the time his supervised release even begins, if ever, to say nothing of the heinousness of his crime. Thus, Mr. Grigsby has not identified any legitimate basis for modifying his supervised release. The district court was correct to deny this motion.

Likewise, the district court properly denied the motion to modify the PSR. To begin with, Mr. Grigsby identifies no specific provision of the PSR in his brief before us or before the district court resulting in error in fact or in BOP interpretation. He merely argues that the BOP's conclusions lack any basis in the PSR. The district court found no misinterpretation and, regardless, that Mr. Grigsby's challenge is untimely as the "errors" are "substantive in nature." R. at 252 & n.1; *see*

7

Fed. R. Crim. P. 32(f)(1) (providing 14 days to challenge the substantive information in a PSR). To the extent that Mr. Grigsby objects to the substantive terms of the PSR, he is indeed too late. To the extent that he quarrels with the BOP's reading of the PSR, he has not cited any authority for our ability to judicially intervene on this subject and we decline to make such an argument for him. Accordingly, we reject such a contention.

In sum, we lack jurisdiction to hear this appeal as to the motion to restructure the restitution order, objections to the writ of garnishment, request for appointment of counsel, and denial of mandamus. We affirm the district court's denial of Mr. Grigsby's motion to modify supervised release and motion to modify the PSR. Mr. Grigsby's remaining motions before us are denied.

Entered for the Court

Jerome A. Holmes
Circuit Judge