**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MICHAEL ALVARES FYKES,

　　　　Defendant - Appellant.

No. 17-1303
(D.C. No. 1:15-CR-00221-RBJ-1)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Alvares Fykes appeals from the district court's denial of his "Motion for Post-Sentencing Modification of Probation Report." Fykes's counsel

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

has filed an *Anders* brief,[1] asserting he could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel.  Because the district court lacked jurisdiction to consider Fykes's motion, this court **remands** the matter to the district court with directions to **vacate** its denial of the motion and to, instead, dismiss the motion for lack of jurisdiction.

Fykes was convicted of being a felon in possession of a firearm and was sentenced to sixty months' imprisonment.  This court affirmed Fykes's conviction and sentence.  *United States v. Fykes*, 678 F. App'x 677, 690 (10th Cir. 2017) (unpublished).  Thereafter, Fykes filed the instant motion asking the district court to excise from his PSR information indicating his involvement in sex trafficking. Fykes asserted the objected-to information led the Bureau of Prisons to assign to him a higher offense-severity classification.  The district court denied the motion in a brief minute entry.  In that minute entry, the district court noted Fykes did not dispute the accuracy of the information included in the PSR.  Instead, Fykes simply asserted the evidence was irrelevant to his conviction on a firearm charge. The district court responded to Fykes's request as follows:

> Because Mr. Fykes ultimately was not prosecuted for human trafficking, the Court excluded evidence concerning human trafficking from the trial.  That does not mean that the information properly included in the Probation report should be deleted.  The defendant has provided no authority either for requiring a rewriting of the Report to his benefit or for the Court's interference with the BOP's internal classification of Mr. Fykes for its purposes.

[1]*Anders v. California*, 386 U.S. 738 (1967).

Fykes appeals.

This appeal is before the court on counsel's *Anders* brief. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* Fykes did not file a brief in response to his counsel's *Anders* brief. The government, likewise, declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders* brief and this court's independent review of the record. That independent review demonstrates the district court lacked jurisdiction to consider on the merits Fykes's post-judgment motion to modify his PSR.

In counsel's *Anders* brief, counsel asserts, relying on Fed. R. Crim. P. 32, the district court "likely did have jurisdiction to consider and discretion to grant Mr. Fykes's post-sentencing motion to amend the PSR." Fykes's Opening Br. at 7. In support of this assertion, counsel relies entirely on this court's unpublished disposition in *United States v. Grigsby*, 630 F. App'x 838 (10th Cir. 2015). As correctly noted by counsel, *Grigsby* appears to affirm on the merits a district

-3-

court denial of a post-sentencing motion to amend the PSR. *Id.* at 841-42. Given this, counsel argues "[t]hat this Court [in *Grigsby*] did not remand with instructions to dismiss for lack of jurisdiction indicates that the district court here likewise had jurisdiction to consider the merits of Mr. Fykes's motion." Fykes's Opening Br. at 8.[2]

Counsel's legal arguments as to whether the district court had jurisdiction to resolve Fykes's motion are profoundly misplaced. To be clear, there is absolutely no discussion in *Grigsby* as to whether the district court had jurisdiction to resolve on the merits Grigsby's post-sentencing motion to alter the PSR. *Grigsby*, 630 F. App'x at 841-42. Instead, counsel asserts that the mere affirmance by *Grigsby* of the district court order amounts to a sub silentio determination that jurisdiction was proper. As the Supreme Court has made clear, however, federal courts are "not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952). In other words, only a case that

_____

[2]Counsel further notes as follows: "After extensive research, undersigned counsel has been unable to find any authority indicating that *Grigsby* was wrongly decided, or that the district court erred in denying Mr. Fykes's motion." Fykes's Opening Br. at 9. This is a surprising declaration given that, as described more fully herein, there exists in this circuit a contrary precedent directly on point. Furthermore, every circuit that has considered the issue appears to conclude Rule 32 does not provide a jurisdictional basis for a district court to resolve on the merits post-sentencing motions to alter a PSR.

recognizes and resolves a question of jurisdiction amounts to binding precedent. *See id.*

In any event, counsel is simply wrong in asserting there does not exist any precedent indicating *Grigsby* was wrongly decided. In *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994), this court specifically held the predecessor version of Fed. R. Crim. P. 32 does not empower a district court to decide a post-sentencing motion to amend a PSR. *Id.* at 290 (collecting cases from multiple circuits for the proposition "that Rule 32(c)(3)(D), standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed"); *United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) ("The District Court lacked jurisdiction to provide . . . relief under Rule 32, however, because sentencing courts do not retain jurisdiction thereunder to entertain challenges to the PSR after final judgment. *See United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) (collecting cases); *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) (same).").[3]

---

[3]Nor can it be asserted such jurisdiction would exist under the provisions of 28 U.S.C. § 2255. As *Warner* explained, district courts should be wary of recharacterizing random motions as § 2255 proceedings because such an action may prevent the filing of a future, more fully developed, request for collateral relief. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). This is particularly true given that a review of the docket demonstrates Fykes has now filed a § 2255 motion. *See id.* ("[T]he subsequent § 2255 motion also shows his intent that the previous Rule 32 motion not be construed as a § 2255 motion because if it was so construed, the latter petition raising new issues attacking the sentence would be subject to challenge as successive.").

As this court's published decision in *Warner* makes clear, Rule 32 does not provide a jurisdictional basis for a district court to resolve on the merits a post-sentencing motion to amend the PSR. Accordingly, this matter is **remanded** to the district court with directions to **vacate** its judgment denying Fykes's motion and to, instead, **dismiss** that motion for lack of jurisdiction. Given this disposition, counsel's *Anders*-based motion to withdraw is **denied** as moot.

Entered for the Court


Michael R. Murphy
Circuit Judge