NOT DESIGNATED FOR PUBLICATION

No. 118,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
PHILIP ANDRA GRIGSBY,
*Appellant*,

and

TAMMY LYNN GRIGSBY,
*Appellee*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed October 5, 2018. Affirmed.

*Philip Andra Grigsby*, appellant pro se.

*Candace S. Bridgess*, of Kansas Legal Services, of Hutchinson, for appellee.


Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.


PER CURIAM: After Philip Andra Grigsby pleaded guilty in the United States District Court for the District of Kansas to crimes involving the production and possession of child pornography and received a 260-year prison sentence, he filed for and was granted a divorce from Tammy Lynn Grigsby in Reno County District Court. As a special condition of his sentence, the federal district court ordered that Philip have no contact with Tammy or their son and daughter. Their daughter has been identified as a victim of Philip's crimes; she was about nine years old at the time. Since his sentencing in 2013, Philip has repeatedly tried to secure some form of visitation or contact with the children.

In most of those efforts, Philip has represented himself. This appeal arises from one of his latest forays—motions he filed with the Reno County District Court for parenting time in the divorce case and for relief from the federal sentencing condition. The district court denied the motions. We affirm.

In granting the divorce in 2014, the Reno County District Court denied Philip parenting time with the children—effectively precluding any contact with them. A party may ask a district court to modify orders governing parenting time following a divorce based on changed circumstances or to "serve the best interests of the child[ren]." K.S.A. 2017 Supp. 23-3221(a). The district court acts in its sound discretion in making and modifying those orders, and we review them for abuse of that judicial discretion. *Frazier v. Goudschaal*, 296 Kan. 730, 755, 295 P.3d 542 (2013). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

In support of his present request for parenting time, Philip offered that he had completed numerous courses and programs while in prison and had otherwise made significant rehabilitative strides. He also asserted, without supporting evidence, that his children, now teenagers, would benefit from some communication and other interactions with him. The Reno County District Court balanced those representations against the circumstances of the divorce and the precipitating criminal convictions. Both the type of crimes and the familial component of the underlying facts weighed against allowing Philip contact with either child. The district court understood the factual record and the applicable legal principles. So we are left to ask whether no reasonable district court could have come to the same conclusion. We comfortably conclude reasonable district courts would have continued to deny Philip any parenting time. The Reno County District

Court did not abuse its wide judicial discretion on that score—a sufficient basis to affirm the ruling.

In addition, however, the Reno County District Court properly could have denied Philip parenting time or any other limited contact with the children based on principles of comity and abstention, given the federal district court's no-contact order. A court may choose not to exercise its authority when another court has already begun litigation or issued an order in what is effectively the same legal dispute. The federal district court had already entered a no-contact order against Philip as a special condition of his sentence at the request of the prosecutor who spoke on behalf of the family members. The considerations bearing on that order are largely the same as those informing the issue of parenting time in the divorce. Here, the Reno County District Court had the discretion to defer to the federal court's earlier determination and order.

When the Reno County District Court considered Philip's motions, the United States Court of Appeals had already upheld Philip's sentence on direct appeal and had later twice declined to modify the no-contact provision. See *United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014); *United States v. Grigsby*, 630 Fed. Appx. 838, 841-42 (10th Cir. 2015) (unpublished opinion); *United States v. Grigsby*, 579 Fed. Appx. 680, 686 (10th Cir. 2014) (unpublished opinion). We also take judicial notice that shortly after the Reno County District Court denied Philip's motion to allow parenting time, the federal district court entered an order rejecting his request to rescind the no-contact provision of his sentence. See *United States v. Grigsby*, No. 12-cr-10174-JTM, doc. 267, filed Dec. 12, 2017. Given that the federal district court entered the no-contact order as part of Philip's sentence for heinous crimes that victimized a vulnerable member of his family, the Reno County District Court would have acted in its sound discretion in deferring to that ruling as a singular basis for refusing parenting time to Philip. Such a decision would have been fully compatible with comity and general abstention principles. Especially in light of the federal courts' repeated review and affirmation of the no-contact

3

provision of the sentence, we could fairly uphold the Reno County District Court's most recent rulings based on those principles.

Philip also invited the Reno County District Court to find the no-contact component of his federal criminal sentence to be a violation of the substantive due process rights of parents to associate with and rear their children as protected by the Fourteenth Amendment to the United States Constitution and to vacate that part of his sentence for that reason. See *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (recognizing constitutionally protected liberty interest of parents "in the care, custody, and management of their child[ren]"). But a state court has no authority to vacate a federal court order. The Reno County District Court, therefore, properly denied Philip's request to enter an order doing so. Philip alternatively asked that the Reno County District Court order Tammy to file a motion in federal district court to vacate the no-contact provision. Again, a state district court has no authority to direct someone to take that sort of action in a federal court.

Finally, Philip requested that his mother—the children's paternal grandmother—be allowed visitation with the children. Tammy opposed visitation. The Reno County District Court denied the request. Philip challenges that ruling on appeal and renews his request that the children's grandmother be afforded visitation. Grandparents may be granted visitation rights with minor grandchildren. K.S.A. 2017 Supp. 23-3301. They have standing or sufficient legal interest to seek visitation in a divorce proceeding and must act on their own behalf in the absence of an agreement between the divorcing parents permitting visitation. But one of the divorcing parties cannot act in their stead. Accordingly, Philip lacks the authority to represent his mother. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 892, 179 P.3d 366 (2008) (litigant generally cannot raise another person's legal rights). The district court properly denied his motion to allow grandparent visitation.

Affirmed.

4