**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

Defendant - Appellant.

No. 20-3108
(D.C. No. 6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Philip Andra Grigsby, a federal prisoner proceeding pro se, appeals the district

court's order denying his motion to remove a no-contact order and imposing filing

restrictions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Grigsby pleaded guilty in 2013 to eight counts of sexual exploitation of a

minor, one count of viewing child pornography, and one count of being a felon in

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm. The district court sentenced him to 260 years in prison. The district court included in its judgment two provisions prohibiting Grigsby from contacting his two minor children, one of whom, his daughter, was a victim of his crimes. One provision was a standalone no-contact order set forth just after Grigsby's prison sentence: "The Court orders that the defendant does not have any contact with the victim and/or her family members to include her mother and brother." R., Vol. 1 at 145. The other provision was a special condition of supervised release requiring Grigsby to "[c]omply with prohibitions on contact with victim(s) of the offense." *Id.* at 147. The court included these provisions at the request of the children's mother.

We affirmed Grigsby's sentence on direct appeal. *See United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014). In 2017, Grigsby filed a motion to modify or remove the standalone no-contact order. The district court denied that motion, and we affirmed. *See United States v. Grigsby*, 737 F. App'x 375, 376-78 (10th Cir. 2018) (*Grigsby I*). Grigsby has also brought other unsuccessful challenges to his sentence under 28 U.S.C. § 2255 and to the no-contact orders.[1]

---

[1] Regarding § 2255 challenges to his sentence, *see United States v. Grigsby*, 633 F. App'x 696, 696 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal from denial of first § 2255 motion); *United States v. Grigsby*, 715 F. App'x 868, 868 (10th Cir. 2018) (denying certificate of appealability and dismissing appeal of district court's dismissal of unauthorized second or successive § 2255 motion). Regarding challenges to the no-contact orders, *see, e.g.*, *United States v. Grigsby*, 700 F. App'x 880, 881-82 (10th Cir. 2017) (affirming denial of motion because it sought an advisory opinion regarding how to lift the no-contact orders); *United States v. Grigsby*, 630 F. App'x 838, 841-42 (10th Cir. 2015) (affirming denial of motion to modify no-contact special condition of supervised

2

This case involves another motion to remove the standalone no-contact order. Grigsby argued the district court lacked statutory authority to impose that order. He also asserted his children were now adolescents and "should now be considered parties in the case whose voice should be heard." Aplee. App. at 30. Grigsby sought leave to amend his motion to add allegations that his son was now an adult, was not a victim of his crimes, and did not request the standalone no-contact order.

The government responded that the motion to modify was an unauthorized second or successive § 2255 motion, but if treated as a Rule 60(b) motion, it was (1) untimely and (2) lacked merit because the court had inherent power to impose the standalone no-contact order. The government also contended Grigsby lacked any right to request modification of such an order; instead, under the Crime Victims' Rights Act, 18 U.S.C. § 3771, that choice belongs to the victims and their immediate family. The government further asserted Grigsby violated the standalone no-contact order through activities on a Facebook page. Based on that alleged violation and Grigsby's numerous meritless filings, the government asked the court to prohibit him from submitting documents for filing without prior court approval.

Grigsby responded to the government's motion for filing restrictions and moved for sanctions against the government for assertions it allegedly made to prison officials that Grigsby had contacted his children through the Facebook page. He

---

release); *United States v. Grigsby*, 579 F. App'x 680, 686 (10th Cir. 2014) (affirming denial of motion for reconsideration of no-contact special condition of supervised release).

alleged that his mother owned and solely operated the Facebook page so family members could view his progress in prison, and that by requesting to be friends on that Facebook page, his two children have indicated they desire contact with him.

The district court construed the motion to remove the standalone no-contact order as a Rule 60(b) motion and denied it on the merits. The court noted that in *Grigsby I*, we determined that a similar motion was a "[Rule] 60(b) motion seeking relief from a civil judgment" because the standalone "no-contact order is a civil injunction pursuant to [the district court's] ancillary jurisdiction—not a part of Grigsby's sentence that he must attack under § 2255." 737 F. App'x at 377. The district court then observed that in *Grigsby I*, we upheld the denial of the motion because, "[g]iven the severity of Grigsby's crimes," the "heinous facts" of which "we declined to recount," his allegations of having "made substantial progress towards his rehabilitation in prison" were insufficiently concrete to show "that contact between Grigsby and his children would be in the children's best interest." *Id.* at 378 & n.3 (brackets and internal quotation marks omitted).[2] The district court reasoned that although some two years had passed since *Grigsby I*, the heinous nature of Grigsby's crimes had not changed, and he had supported his motion "with generic and unconvincing subjective claims of rehabilitation." R., Vol. 3 at 68. The court also

---

[2] Although we declined to describe Grigsby's heinous acts, we did "note that the district court gave Grigsby the statutory maximum prison sentence because, among other things, his crimes involved (1) a family member who had not attained the age of twelve years and (2) material that portrayed sadistic or masochistic conduct or other depictions of violence." *Grigsby I*, 737 F. App'x at 378 n.3 (internal quotation marks omitted).

determined that screenshots and other materials the government presented convincingly established that Grigsby was using the Facebook account to violate the standalone no-contact order. Accordingly, the court denied the motion to remove that order, denied Grigsby's related motions, and granted the government's request for filing restrictions by prohibiting Grigsby "from filing, without prior authorization by the court, any further pleadings challenging the no-contact order" for two years. *Id.* at 70. Grigsby appeals.

## II. Discussion

### A. District court jurisdiction

Before turning to the merits, we must consider whether Grigsby's motion to remove the standalone no-contact order was, as the district determined, a Rule 60(b) motion and not a second or successive § 2255 motion over which the district court would have lacked jurisdiction absent authorization from this court. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."). We conclude the motion was a Rule 60(b) motion because it targets only the standalone no-contact order, and as noted above, we determined in *Grigsby I* that the standalone no-contact order is not part of the sentence that must be attacked under § 2255 but a civil injunction amenable to a Rule 60(b) challenge for relief from a civil judgment, 737 F. App'x at 377.[3]

---

[3] Before the district court, the government identified some potential tension between this aspect of *Grigsby I* and a statement we made in an earlier appeal

5

*Grigsby I* is the law of this case. *See United States v. Channon*, 973 F.3d 1105, 1110 (10th Cir. 2020) ("Under the law of the case doctrine, once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." (internal quotation marks omitted)). The district court therefore had jurisdiction to consider the merits of Grigsby's motion.

## B.     Timeliness of appeal

The district court denied Grigsby's motion on March 17, 2020. Because Grigsby did not file his notice of appeal until June 8, 2020, the government argues it is untimely under Fed. R. App. P. 4(b)(1)(A)(i), which provides that in a criminal case, a defendant must file a notice of appeal within fourteen days of the order appealed. But as just discussed, *Grigsby I* determined that the standalone no-contact order was entered as a matter of the district court's ancillary civil jurisdiction and is subject to a Rule 60(b) request for "relief from a *civil* judgment." 737 F. App'x at 377 (emphasis added). And here the district court (correctly) treated Grigsby's motion as one filed under Rule 60(b), which is a rule of civil procedure and therefore inapplicable in criminal cases, *see United States v. Mosavi*, 138 F.3d 1365, 1366

Grigsby filed—that the no-contact provision in the special conditions of supervised release was "part of [Grigsby's] sentence," *Grigsby*, 579 F. App'x at 686. But the standalone no-contact order was not at issue in that case, and "conditions of supervised release are part of the [d]efendant's sentence," *United States v. Lonjose*, 663 F.3d 1292, 1298 n.3 (10th Cir. 2011); *see also* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." (emphasis added)). We therefore see no conflict between the two cases.

(11th Cir. 1998) (explaining that "Rule 60(b) simply does not provide for relief from judgment in a criminal case"); *see also United States v. McCalister*, 601 F.3d 1086, 1087-88 (10th Cir. 2010) (explaining that the Federal Rules of Civil Procedure apply only in civil proceedings).  We therefore treat this appeal as arising in a civil case and, because the United States is a party, apply the sixty-day period for filing a notice of appeal in a civil case set out in Fed. R. App. P. 4(a)(1)(B)(i).

But even applying this longer period, Grigsby's June 8 notice of appeal from the March 17 order is still facially untimely, and "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Grigsby, however, relies on the prison mailbox rule.  Under the relevant part of that rule, an inmate's notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing" and is either "accompanied by . . . a declaration . . .  or a notarized statement[] setting out the date of deposit and stating that first-class postage is being prepaid," Fed. R. App. P. 4(c)(1)(A)(i); or "the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)," Fed. R. App. P. 4(c)(1)(B).

In his reply brief, which is accompanied by a declaration, Grigsby states he "placed his notice of appeal into the prison legal mail system by personally handing it to [his] Case Manager . . . on or about March 23, 2020," Aplt. Reply at 1, which was within sixty days of the district court's March 17 order.  But apparently, that notice of appeal never reached the district court, perhaps due (as Grigsby suggests) to the

7

nascent confusion precipitated by the Covid-19 pandemic. Grigsby then filed the June 8 notice of appeal and, in an accompanying letter, stated he was doing so because it appeared the court had never received the notice he gave his case manager. Grigsby also refers us to an affidavit from a fellow inmate filed with his letter to the court. The inmate states he helped Grigsby prepare the first notice of appeal on or about March 21 or 22, 2020, and to the best of his knowledge Grigsby sent it out through the prison's legal mail system on March 23. Grigsby further points out that his "history of filing in the district court clearly indicates he has never been late filing a notice of appeal." *Id.* at 2.

Under these circumstances, and affording Grigsby's pro se filings a liberal construction, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we exercise our Rule 4(c)(1)(B) discretion, treat Grigsby's reply brief as a declaration, and examine whether it satisfies Rule 4(c)(1)(A)(i)'s requirements by stating the date the notice was placed in the prison's internal mailing system and that the inmate has prepaid first-class postage. Grigsby's declaration identifies the date of deposit as March 23, 2020, and although it does not state that he prepaid first-class postage, we will give him the benefit of the doubt given his history of timely filing, which shows a repeated ability to pay the ordinarily minimal amount of postage needed to mail a notice of appeal. We therefore conclude that the appeal was timely filed and turn to its merits.

**C.      Merits**

**1.      Standalone no-contact order**

Grigsby argues the district court lacked statutory authority to impose the standalone no-contact order. But as the district court recognized, we determined in *Grigsby I* that the court had inherent authority to impose that order as "a civil injunction pursuant to its ancillary jurisdiction," 737 F. App'x at 377. We therefore reject this argument.

Grigsby also argues the standalone no-contact order violated his due process rights because the district court did not hold a hearing prior to imposing it and the order deprives him of a constitutional right to familial association. But he did not raise these arguments in the district court, and he has not argued for plain error review in this court. He has therefore forfeited appellate review of these points. *See Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1273 (10th Cir. 2020) (explaining that to avoid waiver on appeal of a theory not raised in the district court, a party must "identify plain error as the standard of review in their opening brief and . . . provide a defense of that standard's application").

Grigsby further argues it is a miscarriage of justice to deny his children, who are now adults, their expressed desire to communicate with their father. We construe this as a challenge to the district court's determination that removing the standalone no-contact order was unwarranted given the heinous nature of Grigsby's crimes and his failure to convince the court that he had been sufficiently rehabilitated. We review the denial of a Rule 60(b) motion for an abuse of discretion and will reverse

9

only if the district court made "a definite, clear or unmistakable error." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted). We see no such error here. The standalone no-contact order is not conditioned on the victim or her brother being minors, so the fact they have become adults is irrelevant to whether the district court abused its discretion in denying the removal motion.[4]

## 2. Filing restriction

Grigsby argues the district court erred by not considering the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), before prohibiting him from filing further challenges to the standalone no-contact order for two years without first obtaining the district court's authorization. But *Ehrenhaus* involved dismissal as a discovery sanction under Fed. R. Civ. P. 37(b)(2), *see Ehrenhaus*, 965 F.2d at 920, not a filing restriction. And Grigsby has identified no Tenth Circuit precedent, nor are we aware of any, requiring a court to consider the *Ehrenhaus* factors before imposing filing restrictions. Similarly, Grigsby misplaces reliance on other cases involving sanctions rather than filing restrictions.

---

[4] The government asks us to conclude that certain provisions of the Crime Victims' Rights Act work together to give the right to remove a no-contact order exclusively to victims and therefore preclude Grigsby's motion to remove the standalone no-contact order. The government asserts that although this issue has risen each time Grigsby files a motion to remove the order, it has not yet been resolved. But our disposition of this appeal makes it unnecessary to reach the issue, and we decline to do so.

However, we liberally construe Grigsby's reliance on *Ehrenhaus*'s advance-warning requirement, *see id.* at 921, as arguing that the district court did not satisfy one of the requirements for imposing filing restrictions because it failed to provide him with "notice and an opportunity to oppose the court's order [imposing filing restrictions] before it [was] instituted," *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). Our review is for an abuse of discretion. *Id.* Although a litigant is entitled to such notice, it does not "require an in-person hearing in the district court"; a litigant "is perfectly capable of reducing his objections to writing." *Id.* The government moved the district court to prohibit Grigsby from submitting documents for filing without prior court approval, and Grigsby responded in writing to the government's motion. Accordingly, we see no abuse of discretion regarding notice and an opportunity to respond.

## III.  Conclusion

We affirm the district court's order denying Grigsby's motion to remove the standalone no-contact order and imposing the filing restriction. We grant Grigsby's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

11