**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-40554**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMES DOUGLAS IMPSON,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
Sherman Division
(4:95-CR-52)
_____
September 17, 1997
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[1]

James Douglas Impson was convicted pursuant to a two-count indictment alleging that 1) he, acting alone and aided and abetted by others, maliciously damaged and destroyed, by means of a fire, a building and personal property used by Mark Dunston's Steakhouse, Inc., in interstate commerce and in an activity affecting interstate commerce, in violation of 18 U.S.C. §

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

844(i), and 2) he "used a firearm, to wit: a destructive device" during and in relation to the crime of arson, in violation of 18 U.S.C. 924(c)(1). Impson was sentenced to consecutive terms of imprisonment of 100 months on count one and 360 months on count two, concurrent three-year terms of supervised release, restitution in the amount of $672,492.12, and a special assessment of $100.

Impson contends that a conviction for destroying a building under 18 U.S.C. § 844(i) precludes an enhanced punishment under § 924(c)(1) for the use of the incendiary explosive that caused the destruction of the building. He asserts that sentencing on both counts constitutes double punishment for the same crime. Impson also contends that the conviction and sentence for a violation of § 924(c)(1) violates the Double Jeopardy Clause, since the same facts were necessarily used as proof of both offenses. In the recent decision in United States v. Nguyen, 117 F.3d 796, 797 (5th Cir. 1997), a panel of our court rejected these same arguments, concluding that indictment under § 844(i) and under § 924(c)(1) was not multiplicitous and did not violate the Double Jeopardy Clause. See also United States v. Singleton, 16 F.3d 1419, 1428-29 (5th Cir. 1994). The Nguyen decision forecloses Impson's arguments.

Impson also argues, for the first time on appeal, that the district court erred in ordering him to pay restitution without considering the factors in 18 U.S.C. § 3664(a), which include a defendant's financial resources, needs and earning ability. Impson has failed to show any error, plain or otherwise. Sentencing judges are accorded broad discretion in ordering restitution and are not required to make specific findings on each factor listed in § 3664. See United States v. Ryan, 874 F.2d 1052, 1054 (5th Cir. 1989); United States v. Plewniak, 947 F.2d 1284, 1289 (5th Cir. 1991), cert. denied, 502 U.S. 1120 (1992). The defendant has the burden of proving that he cannot pay restitution by objecting and requesting specific findings on his ability to pay. See United States v. Reese, 998 F.2d 1275, 1281 (5th Cir. 1993); 18 U.S.C. § 3664(d). Impson did not carry this burden.

**AFFIRMED.**