# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1184

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Jeffrey Dye, also known as Jeffrey A. | * | |
| Helms, also known as Kerry W. Hill, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: September 16, 2002

Filed: October 8, 2002

———————

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

———————

PER CURIAM.

Ohio police arrested Jeffrey Dye for fraudulent conduct and seized $1261 in currency and computer equipment worth about $1600. After the federal government decided to prosecute Dye for bank fraud, Ohio dropped state charges. Dye pleaded guilty to violating 18 U.S.C. § 1344. At his sentencing in February 2001, Dye was ordered to pay $237,406.94 in restitution to his victims in "minimum monthly installments of $200, with the first payment due no later than 30 days following [his] release from imprisonment." After sentencing, Ohio police informed Dye his property had been forwarded to the United States District Attorney's office in St.

Louis. Dye filed a motion seeking return of the cash and computer under Fed. R. Crim. P. 41(e), and the Government responded with a motion to have the cash and computer distributed to the victims under 18 U.S.C. § 3664(k). The district court[*] granted the Government's motion, and Dye appeals pro se. Having reviewed the matter de novo, United States v. Grant, 235 F.3d 95, 99 (2d Cir. 2000), we affirm.

Congress has expressly given courts the power to modify restitution orders in appropriate circumstances. Under 18 U.S.C. § 3664(k), a district court may receive notice of a material change in the defendant's economic circumstances from the Government. The Attorney General must certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Id. After receipt of notification, the court may adjust the restitution payment schedule, or require immediate payment in full, as the interests of justice require. Id.

Dye first contends the district court lacked jurisdiction to grant the Government's motion because the Government had not contacted each victim before filing its motion. Instead, the Government had notified most of the victims when it filed its order, and stated it would notify the rest within the next five days. The Government notified all of the victims well before the district court entered its order. Thus, the Government satisfied its statutory duty. See Grant, 235 F.3d at 100.

Dye next contends the district court could not alter the restitution order because the parties dispute whether the property was physically received by the Government before or after sentencing. Dye asserts the Government and district court knew of the property when the restitution order was entered because the offense conduct section of the presentence report states $1261 had been found in Dye's pants pocket, and the

---

[*]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

-2-

stipulation of facts regarding sentencing states a computer was found in Dye's home. The Government points out the financial condition section of the presentence report does not mention the cash or computer as assets.

A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed. Id. A court's later understanding that it had sentenced a defendant without full knowledge of his assets alone does not constitute a material change in economic circumstances. Id. Nevertheless, when funds or property are not available to a defendant until after a prosecution, and are later released or made available, the defendant has had a material change in economic circumstances that might affect the defendant's ability to pay restitution. Id. at 100-01. That is what happened here. The cash and computer were seized by the Ohio police, and held for use as evidence against Dye. At some point, they were transferred by the Ohio police to the Government, and were not available to Dye until after his prosecution. Besides, § 3664(n) states, "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." Dye's property could also be applied towards restitution under this section.

Dye next argues the district court could not revise the restitution payment plan without articulating that it had reconsidered and rebalanced the factors in § 3664(d) and § 3664(f) and concluded the revised restitution plan causes Dye's dependents no undue financial hardship. The district court balanced the factors when it set Dye's initial restitution schedule and was not required to balance them again. The cash and computer were not considered as assets available to Dye's dependents at sentencing, so transfer of the assets to them now would be a windfall. Denying them the assets poses no additional hardship, and reduces the amount of restitution Dye owes.

-3-

Dye last claims the doctrine of equitable estoppel bars the Government and district court from revising the restitution payment plan to include the property that existed at sentencing, but was not included in the formation of the initial payment plan. Because Dye does not allege the Government committed affirmative misconduct, his equitable estoppel claim fails. Rutten v. United States, 299 F.3d 993, 995 (8th Cir. 2002).

We thus affirm the district court. We deny Dye's motion to strike and suppress the Government's brief based on noncompliance with Fed. R. App. P. 28.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.