**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Randy Lee VANHORN, Defendant—**
**Appellant.**

No. 04–1818.

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 13, 2005.

Filed: March 1, 2005.

Omar F. Greene, argued, Asst. Fed. Public Defender, Little Rock, AR, for appellant.

John E. Bush, Asst. U.S. Attorney, argued, Little Rock, AR, for appellee.

Before LOKEN, Chief Judge, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Randy Lee Vanhorn was convicted of mail fraud and money laundering. The district court[1] imposed a sentence of 71 months in prison and $44,000 in victim restitution. Vanhorn appealed, and we remanded for determination of a restitution payment schedule, which the district court then set at 50% of the funds available to

---

1. The HONORABLE SUSAN WEBBER WRIGHT, Chief Judge of the United States District Court for the Eastern District of Arkansas.

Vanhorn while he is in prison. Vanhorn again appealed, and we affirmed his conviction and sentence. *United States v. Vanhorn*, 344 F.3d 729 (8th Cir.2003).

The Mandatory Victims Restitution Act provides that, upon notice "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the sentencing court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). While serving his prison sentence, Vanhorn was diagnosed as HIV positive, and prison physicians prescribed what he describes as a life-saving pharmaceutical cocktail of expensive drugs to treat his condition. Vanhorn then filed a § 3664(k) motion with the district court, under seal, asking the court to adjust or eliminate his current schedule of restitution payments. In support of the motion, Vanhorn argued that his medical condition has caused a material change in economic circumstances because he needs to save money while in prison so that he may maintain this expensive drug regimen after his release. The district court denied the motion, and a subsequent motion for reconsideration, on the ground that "Vanhorn has failed to show there has been a material change in his economic circumstances" warranting a § 3664(k) adjustment.

 appeal, Vanhorn argues that the district court erred in concluding, without an evidentiary hearing, that contracting HIV is not a material change in his economic circumstances. He urges us to review this issue de novo, citing *United States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000). But in *Grant*, the court reviewed de novo an issue of law in applying § 3664(k). The Second Circuit expressly recognized that it normally applies the abuse of discretion standard to restitution orders that are based upon the amount of victim loss, the financial resources of the defendant, and other relevant factors. In this circuit, we review a district court's initial restitution order for clear error. *See, e.g., United States v. Moyer*, 313 F.3d 1082, 1087 (8th Cir.2002). After the initial order has become final, the district court is authorized by § 3664(k) to adjust the payment schedule "as the interests of justice require." We conclude that, absent an error of law or clearly erroneous factfinding, a district court's exercise of this authority should be reviewed under the abuse of discretion standard. We decline to follow our unpublished opinion in *United States v. Dye*, 48 Fed.Appx. 218 (8th Cir.2002), which mis-cited *Grant* for the proposition that § 3664(k) orders are, in general, reviewed de novo.

 In this case, Vanhorn's motion disclosed no *immediate* change in his economic circumstances. The cost of his HIV treatments are being paid by the government while he is incarcerated, leaving the funds available to him in prison unaffected. It may well be that Vanhorn's future economic circumstances will be materially adversely affected. However, the district court did not abuse its discretion in concluding that this factor does not require an adjustment to the payments Vanhorn must currently make to the victim of his crimes.

 Finally, Vanhorn has moved for leave to file a supplemental brief arguing that the district court violated the Sixth Amendment as construed in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by enhancing his sentence and increasing his punishment with restitution payments based upon facts not found by a jury. This contention is without merit, and the motion is denied. Vanhorn's conviction and sentence have been finally affirmed on appeal. This is a post-judgment proceeding grounded upon the

district court's statutory discretion to modify the restitution portion of a final sentence "as the interests of justice require." Neither *Booker* nor the Sentencing Guidelines apply to this proceeding. *Cf.* U.S.S.G. § 5E1.1.

The orders of the district court are affirmed.