[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2005
THOMAS K. KAHN
CLERK

No. 04-16354
Non-Argument Calendar

_____

D.C. Docket No. 99-00073-CR-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

HAL SAXON MCCLAMMA, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 2, 2005)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Hal Saxon McClamma, Jr., a federal prisoner appearing pro se, appeals the

district court's denial of his motion to modify restitution payments, deemed by the

district court to have been brought pursuant to 18 U.S.C. § 3664(k). Because the district court did not clearly err in determining McClamma's ability to pay restitution and did not abuse its discretion in denying the motion, we **AFFIRM**.

## I. BACKGROUND

In January 2000, pursuant to a plea agreement, McClamma pled guilty to four counts of making false statements to a financial institution, in violation of 18 U.S.C. § 1014, and three counts of mail fraud, in violation of 18 U.S.C. § 1341. Accordingly, on 30 August 2000, the district court sentenced McClamma to forty-three months of imprisonment on each count, all to run concurrently, and ordered him to pay $336,318.87 in restitution. Based on its determination of McClamma's financial circumstances, the district court ordered McClamma to pay $2,000 per month to satisfy his restitution obligation. The order also noted that McClamma had the responsibility to inform the district court of any material changes in his economic circumstances.

In June 2001, after he had failed to make restitution payments for ten months following the entry of the district court's judgment, McClamma was found to be in civil contempt. The civil contempt order provided that, in addition to the $2,000 monthly payments he was required to pay under the original judgment, McClamma needed to pay $2,500 per month for eight months to satisfy the

2

amount that he was in arrears. Following the entry of the civil contempt order, McClamma started to make the $2,000 monthly payments required by his original judgment. He did not make, however, the additional $2,500 payments to address the arrearage and therefore remained in contempt. Subsequently, in June 2003, following a hearing on McClamma's continuing civil contempt, the district court found that McClamma could purge the effect of the civil contempt order by making payments of at least $2,200 per month towards the restitution obligation.

On 6 May 2004, McClamma filed in district court a "Notice of Internal Revenue Service Intent to Levy." In this filing, McClamma advised the court that, pursuant to an agreement he made with the Internal Revenue Service ("IRS") to pay past due taxes, an additional $700 per month of his monthly income would have to be paid to the IRS. As a consequence of his new obligation to the IRS, he stated in his filing that he was unilaterally decreasing his restitution payments by $700 per month. Following this filing, McClamma submitted monthly restitution payments in the amount of $1,500. The district court construed McClamma's filing as a motion to modify restitution payments and ordered the Probation Office to prepare a report on McClamma's ability to pay restitution. After reviewing the Probation Office report and the filings by the parties, the court found that McClamma had the ability to pay $2,200 per month in restitution. The district

court found that McClamma had admitted and demonstrated that he could afford $1,500 in monthly restitution payments per month, and paid $827 per month in excess of the required minimum payments on credit card and other installment obligations. Because these latter obligations were deemed to have less priority than the restitution obligation, the district court concluded that McClamma was able to afford at least $2,200 in monthly restitution payments. In addition, the district court noted that McClamma's receipt of $5,087 in monthly income and his possession of other assets, including a parcel of unencumbered real property, demonstrated that he was able to satisfy his $2,200 monthly restitution obligation. Moreover, the district court found incredible McClamma's claim that he had $4,818 in monthly obligations apart from the restitution obligation. Accordingly, the district court denied his motion to modify the restitution order.

On appeal, McClamma argues that the district court erred in denying his motion to modify his restitution obligations because it failed to consider his ability to pay as required by 18 U.S.C. §§ 3663 and 3664. Particularly, McClamma avers that the district court failed to account for the $700 decrease in his ability to pay restitution on account of his agreement with the IRS, and the consequent impact the IRS obligation would have on his ability to support his wife.

4

## II. DISCUSSION

We review a district court's disposition of an 18 U.S.C. § 3664(k) motion for abuse of discretion. See United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam).[1] The district court's factual findings underlying a restitution order are reviewed for clear error. United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003), cert. denied 541 U.S. 1056, 124 S. Ct. 2195 (2004).

Section 3663 of Title 18 of the United States Code provides that a court, when ordering restitution, shall consider not only the loss sustained by each victim, but also "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i)(II); see also 18 U.S.C. § 3664(f)(2)(A-C) (stating that, in setting a restitution payment schedule, a court shall consider the defendant's "financial resources," "projected earnings and other income," and "any financial obligations . . . including

---

[1] We note that in Cani v. United States, a panel of this court considered a defendant's claim that he was entitled to relief under § 3664(k) "[o]n its merits," but the panel did not articulate a standard of review for a district court's disposition of a § 3664 motion because the district court in Cani had declined to make a ruling on the § 3664(k) motion. See 331 F.3d 1210, 1212, 1216 (11th Cir. 2003). Because § 3664(k) vests the district court with discretion to modify a restitution order "as the interests of justice require," abuse of discretion is the proper standard of review. See United States v. I.D.P., 102 F.3d 507, 514 (11th Cir. 1996) (applying abuse of discretion standard of review where district court was vested with discretion to make a determination in the interest of justice); see also Vanhorn, 399 F.3d at 886 (applying abuse of discretion standard to denial of § 3664(k) motion).

obligations to dependents"). After setting a restitution payment schedule pursuant §§ 3663 and 3664, a defendant may notify the court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The district court may then adjust the restitution payment schedules based on this information "as the interests of justice require." Id. The payment schedule will only be altered, however, if there is a "bona fide change in the defendant's financial condition" that affects his ability to pay restitution. Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003).

Based on our review of the record and the parties' contentions, we discern no abuse of discretion in the district court's order. Contrary to McClamma's contentions, the district court did take notice of McClamma's new $700 monthly obligation to the IRS and analyzed its impact. That new obligation notwithstanding, the district court found that McClamma was still paying $1,500 per month in restitution while also paying to credit card companies at least $827 per month more than the monthly minimum payments. Thus, by reducing the amount paid to credit card companies to the monthly minimums, the district court found that McClamma would have the ability to pay $2,200 per month in restitution. Because these findings were not clearly erroneous, we find that the district court did properly consider all the relevant factors in determining

6

McClamma's ability to pay restitution and therefore did not abuse its discretion by denying his § 3664(k) motion. See United States v. Caldwell, 302 F.3d 399, 420-21 (5th Cir. 2002) (affirming restitution order where record demonstrated that the district court had properly considered all the factors relevant to defendant's ability to pay).

## III. CONCLUSION

On appeal, McClamma claimed that the district court erred in denying his § 3664(k) motion because it failed to account for his newly acquired $700 monthly obligation to the IRS and its impact on his ability to meet his obligations to his dependants. As we have explained, however, the district court properly considered all the factors relevant to McClamma's ability to pay, including the IRS obligation and its impact, and concluded that McClamma was still able to pay $2,200 per month in restitution. Because the district court did not abuse its discretion in making this determination, the court's denial of McClamma's motion is **AFFIRMED**.