[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13056
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00242-MEF-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERONICA DENISE DALE,

Defendant-Appellant.


_____

No. 14-13058
Non-Argument Calendar
_____

D.C. Docket No.  2:11-cr-00069-MEF-WC-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERONICA DENISE DALE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(August 20, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Veronica Denise Dale, a federal prisoner proceeding pro se, appeals the district court's denial of her post-judgment motions to modify her restitution order. Dale argues that the district court impermissibly delegated the task of setting a repayment schedule to the Bureau of Prisons and abused its discretion by denying her motions to modify her restitution based on changed economic circumstances.

Dale's first argument—that the district court improperly delegated the task of setting a repayment schedule to the BOP—is contradicted by the record. The judgment in her case shows that that the district court set a specific payment schedule requiring Dale to make an immediate lump sum payment of $494,624,

2

with any remaining balance to be paid at a rate not less than $100 per month during her supervised release.[1]

Neither do we find any abuse of discretion in the district court's denial of Dale's motions to modify her restitution order.  Under the Mandatory Victims Restitution Act, a district court may modify a final order of restitution upon a showing of a material change in the defendant's circumstances.  18 U.S.C. § 3664(k).  However, modification under this provision requires a "bona fide change in the defendant's financial condition."  Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003).  Dale has made no showing of any such change.  Thus, on this record, her "present financial status is no different from that contemplated by the district court when it imposed the restitution order."  Id. at 1216.

**AFFIRMED.**

---

[1] The district court waived the interest requirement for any unpaid restitution.

3