FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KAPPELLE SIMPSON-EL,

Defendant-Appellant.

No. 16-3107

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 6:07-CR-10161-JMT-1)**

_____

David M. Magariel, Assistant Federal Public Defender (Melody Brannon, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Kansas City, Kansas, for Appellant Kappelle Simpson-El.

Jared S. Maag, Assistant United States Attorney (Thomas E. Beall, Acting United States Attorney, and Tanya Sue Wilson, Assistant United States Attorney, on the brief), Office of the United States Attorney, District of Kansas, Topeka, Kansas, for Appellee United States of America.

_____

Before **LUCERO** and **BACHARACH**, Circuit Judges.[*]

_____

[*]     The Honorable Neil Gorsuch participated in oral argument, but he is not participating in the decision in light of his recent appointment to the U.S. Supreme Court. The practice of our court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. *See* 28 U.S.C. § 46(d); *see also United States v. Wiles*, 106 F.3d 1516, 1516, at n* (10th Cir. 1997) (noting that this court allows remaining panel

_____

**BACHARACH**, Circuit Judge.
_____

This appeal involves a criminal defendant's obligation to pay restitution to the victims. A restitution payment schedule can be modified when the defendant's economic circumstances materially change. Here the criminal defendant obtained a cash settlement growing out of a tort action against the federal government. With this settlement, the district court had to decide whether the defendant's circumstances materially changed. The district court answered "yes" and applied most of the settlement funds to the restitution obligation. The defendant appeals, and we affirm.

## 1. The Restitution Order and the Settlement

The defendant owing restitution is Mr. Kapelle Simpson-El, who was convicted of crimes involving the sale of stolen cars. His sentence included a restitution obligation of $432,930.00. Since obtaining release, Mr. Simpson-El has paid at least 5% of his gross monthly income toward restitution.

Mr. Simpson-El was injured while serving his prison sentence at a federal prison. The injury was allegedly exacerbated by inadequate medical attention and a lack of treatment, leading Mr. Simpson-El to sue the federal government under the Federal Tort Claims Act. After obtaining

judges to act as a quorum to resolve an appeal). In this case, the two remaining panel members are in agreement.

-2-

release from prison, Mr. Simpson-El settled with the government for $200,000.

**2.      The District Court's Ruling and Mr. Simpson-El's Arguments**

The government sought modification of the restitution order based on a material change in economic circumstances, requesting an order for Mr. Simpson-El to pay the entire $200,000 as restitution. The district court granted the motion in part, applying $145,640 of the settlement funds toward restitution. Mr. Simpson-El makes two arguments on appeal:

1.     The district court erred in finding that the settlement funds constituted a "material change in economic circumstances" under 18 U.S.C. § 3664(k).

2.     The district court improperly applied 18 U.S.C. § 3664(n).

We reject both arguments.

**3.      Standard of Review**

Mr. Simpson-El contends that the standard is de novo review, and the government urges us to apply the abuse-of-discretion standard. For the sake of argument, we may assume that Mr. Simpson-El is right about the standard. *See United States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000) (stating that the court applies de novo review over "the legal question of . . . what constitutes a 'material change in the defendant's economic circumstances' under section 3664(k)"). Under either de novo review or review for an abuse of discretion, we would affirm.

**4.     The district court did not err in finding that Mr. Simpson-El's settlement materially changed his economic circumstances.**

Mr. Simpson-El argues that the district court erred substantively and procedurally in finding a material change in economic circumstances. Substantively, he contends that the settlement funds could not have constituted a change in economic circumstances because the settlement was intended to compensate for future income loss. Mr. Simpson-El also contends that the district court procedurally erred by failing to compare his current economic circumstances with his economic circumstances existing at the time of the restitution order.

**a.     Mr. Simpson-El's settlement constituted a material change in his economic circumstances.**

Under 18 U.S.C. § 3664(k), a court is authorized to adjust a restitution order when there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." The district court invoked this authority, reasoning that the receipt of settlement funds could affect Mr. Simpson-El's ability to pay restitution.

Mr. Simpson-El disagrees. His argument centers on the premise that the settlement "attempts [only] to (in part at least) make up for a lifetime of lost income." Appellant's Opening Br. at 14. This argument rests on a questionable factual foundation, for the settlement might have included some compensation for non-economic harm. After all, the settlement

-4-

resolved a suit in which Mr. Simpson-El had claimed "hedonic damage to his quality of life" as well as economic loss. R. vol. 1, at 98; *see Hull ex rel. Hull v. United States*, 971 F.2d 1499, 1502 (10th Cir. 1992) (differentiating between "economic losses" and "noneconomic losses" such as "loss of enjoyment of life"). Thus, Mr. Simpson-El acknowledges that

- presumably some part of the settlement involved compensation for lost quality of life[1] and

- collection of damages for lost quality of life could involve a material change in economic circumstances.

Oral Arg. at 14:05-15:39.

Presumably not all of the settlement funds went toward "hedonic damage," for Mr. Simpson-El's claim also sought recovery for losses in future income. Even there, however, the district court could reasonably view an immediate cash payment to Mr. Simpson-El as more valuable than the opportunity to earn the same amount in the future.

For example, assume that without the alleged tort, Mr. Simpson-El would have earned the same that he had earned before going to prison: $37,000 per year. With this assumption, he would have had to wait over five years to earn $200,000.

---

[1] The settlement agreement is not in the appellate record. Thus, we lack any evidence about possible designation of funds in the settlement agreement as payment for particular claims.



Now, assume that he suffered a loss in earning capacity because of the tort. Mr. Simpson-El testified that after his injury, he would earn $16,000 for one year. This projection would have entailed a loss of roughly 57% from what he had earned before going to prison. Let's assume that the sole cause of this reduction was the tort underlying the eventual

settlement. With an annual loss in earning capacity, Mr. Simpson-El would have to wait 12 ½ years to earn $200,000.



With the settlement, Mr. Simpson-El obtains the entire $200,000 now, without having to wait more than 5 years (without the tort) or 12 ½ years (with the tort). Without the settlement, Mr. Simpson-El would

theoretically have earned the same amount. But with the settlement, he no longer has to wait for the money. That time-savings could reasonably be viewed as a material change in economic circumstances. *See United States v. Grant*, 235 F.3d 95, 100-01 (2d Cir. 2000) (holding that newly created access to previously owned funds constitutes a material change in economic circumstances under 18 U.S.C. § 3664(k)); *see also United States v. Grigsby*, 579 F. App'x 680, 684 (10th Cir. 2014) (defining a "'material change in the defendant's economic circumstances'" as "a bona fide positive or negative change in the defendant's financial circumstances that affects his ability to pay restitution").

Mr. Simpson-El likens his circumstances to those in *United States v. Grant,* 715 F.3d 552 (4th Cir. 2013). The district court in *Grant* modified a restitution order by requiring the defendant to apply all of his income tax refunds toward restitution, without considering whether those refunds constituted a material change under § 3664(k). *Id.* at 555-56. The Fourth Circuit reversed, concluding that the district court had not considered whether the defendant's circumstances materially changed after sentencing. *Id.* at 557, 559.

Mr. Simpson-El's circumstances differ from those in *Grant*. Here, the district court considered Mr. Simpson-El's current economic condition and factored it into the distribution of the settlement. In addition, the income tax refunds in *Grant* were consistent annual payments that had preceded

the restitution order. *Id*. at 557. Mr. Simpson-El's settlement is different. It was a one-time event that took place after the creation of the restitution schedule.[2]

### b.     The district court provided an adequate explanation.

Mr. Simpson-El contends that the district court did not properly apply 18 U.S.C. § 3664(k). According to Mr. Simpson-El, the district court failed to compare the economic circumstances before and after sentencing. Mr. Simpson-El points to a specific comment by the district court: "[I]t is clear that [Mr. Simpson-El's] economic circumstances have changed materially with the settlement, as there is a substantial new fund from which the defendant could pay restitution." R. vol. 1, at 110. Mr. Simpson-El claims that the lack of explanation taints the decision.

The explanation was adequate, for it compared the economic circumstances before and after the sentencing. In this comparison, the court discussed (1) the allegations of loss of future income within the civil case and (2) the current employment and income level of the defendant.

---

[2]     According to Mr. Simpson-El, the district court's ruling would treat all personal injury settlements as material changes in economic circumstances. We decide only the issue before us. Section 3664(k) requires a court to find a material change in Mr. Simpson-El's ability to pay restitution. In this case, the district court could reasonably find that the $200,000 settlement payment had affected Mr. Simpson-El's ability to pay his restitution obligation more quickly. *Id*. at 557, 559. We need not decide whether personal injury settlements would always allow quicker payment of restitution obligations.

Based on these considerations, the district court concluded that the defendant remained able to meet his needs without dipping into the settlement proceeds.

The district court did not illustrate how Mr. Simpson-El's economic circumstances had changed, but there was no need to do so. The court stated the obvious: that there was now a substantial new fund that had not existed before the time of the settlement. Pointing to the newly created fund, the court relied on a readily apparent change: Before the settlement, Mr. Simpson-El would have had to wait years to earn $200,000; after the settlement, he would immediately recoup $200,000. With the newly created access to $200,000, the district court's simple explanation was adequate to inform the parties why the settlement would constitute a material change in economic circumstances. *See United States v. Ahidley*, 486 F.3d 1184, 1191 (10th Cir. 2007) (stating that when we review the explanations for the initial payment schedule, the standard is whether we can discern from the record that the district court considered the appropriate factors).

**5.    The district court did not rely on § 3664(n).**

Mr. Simpson-El argues that the district court erred in relying on § 3664(n). Section 3664(n) requires application of settlement funds to a prisoner's restitution obligations. Because Mr. Simpson-El received the settlement funds when he was no longer a prisoner, § 3664(n) did not apply.

The district court mentioned § 3664(n), but did not rely on it. Instead, the district court contrasted Mr. Simpson-El's situation with that of a prisoner, who would be subject to § 3664(n). The district court expressly rejected use of § 3664(n) as the legal standard for Mr. Simpson-El's action, saying that "[Section 3664(n)] does not apply because [Mr. Simpson-El] was not incarcerated when he received the settlement . . . ." R. vol. 1, at 112.[3] The district court did not err in mentioning § 3664(n).

## 6. Conclusion

Because the district court properly applied § 3664, we affirm.

---

[3] Mr. Simpson-El acknowledges that "the district court pointed out that § 3664(n) did not apply." Appellant's Opening Br. at 18.