**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7035**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BRANDON LEE CAUDLE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:13-cr-00154-HEH-1)

Submitted: January 11, 2018                   Decided: January 31, 2018

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brandon Caudle, Appellant Pro Se.  Michael Calvin Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lee Caudle appeals the district court's order denying his motion for modification of his restitution order. Caudle is currently subject to two restitution orders: the order imposed by the district court directs him to pay restitution to the Internal Revenue Service (IRS), and the order imposed by the United States District Court for the Northern District of Ohio ("Ohio court") directs him to pay restitution to a variety of nonfederal victims. Caudle advanced two arguments in the district court: (1) that 18 U.S.C. § 3664(i) (2012) requires the nonfederal victims identified in the Ohio court's order to be paid before the federal victim (the IRS) identified in the district court's order; and (2) the district court should reduce his monthly payment based on the financial hardship of having to pay two restitution orders. The court rejected both arguments, concluding that § 3664(i) does not apply to prioritize one restitution order over another and that the Ohio court's restitution order does not constitute a material change in economic circumstances under 18 U.S.C. § 3664(k) (2012) because Caudle received this new financial obligation by engaging in criminal behavior.

We review a district court's decision on a motion to modify a restitution order for abuse of discretion but "review questions of statutory interpretation *de novo*." *United States v. Grant*, 715 F.3d 552, 556 (4th Cir. 2013) [*Grant I*]; *see United States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000) [*Grant II*]. "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Grant I*, 715 F.3d at 557 (internal quotation marks omitted).

2

In relevant part, § 3664(i) provides that, "[i]n any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution." 18 U.S.C. § 3664(i). Caudle contends that this statute operates to prioritize the restitution payments among the victims of his two criminal cases. However, we agree with the district court that the plain language of the statute limits its application to one criminal case.

We further conclude that the court properly declined to reduce Caudle's monthly payment under § 3664(k), but we affirm on alternative grounds. *See United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). Although Caudle is incarcerated, his motion for modification of his restitution order focuses on his ability to pay after his release from prison. He has not met his burden of demonstrating that his current financial condition is materially different than when the court originally imposed the restitution order. *See* 18 U.S.C. § 3664(e) (2012) ("The burden of demonstrating the financial resources of the defendant . . . shall be on the defendant."); *Grant II*, 235 F.3d at 100 (holding that material change under § 3664(k) "is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed"); *see also United States v. Vanhorn*, 339 F.3d 884, 886 (8th Cir. 2005) (per curiam) (acknowledging possibility that defendant's "future economic circumstances will be materially adversely affected" but affirming denial of motion for modification of restitution order because defendant's "motion disclosed no *immediate* change in his economic circumstances").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*