# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2022

Lyle W. Cayce
Clerk

No. 20-40295

United States of America,

*Plaintiff—Appellee*,

*versus*

Donald Tarnawa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-144-1

Before Jones, Haynes, and Costa, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:

The original criminal judgment entered against Appellant Donald Tarnawa recommended that he contribute some of his prison wages toward his multimillion-dollar restitution obligation through the Inmate Financial Responsibility Program ("IFRP"). The obligation was vacated, however, by a federal habeas judgment issued in another circuit. Subsequently, the government moved to modify the original judgment because Tarnawa's exemption from the IFRP materially changed his economic circumstances as contemplated by 18 U.S.C. § 3664(k). The convicting court granted the modification. Its judgment is AFFIRMED.

## I. BACKGROUND

After serving a prison sentence in Florida in the 1990s, Tarnawa assumed the identities of several fellow prisoners, formed at least six corporate entities, and proceeded to swindle investors out of $27,636,962.00. A jury convicted Tarnawa of five counts of wire fraud, six counts of bank fraud, and 20 counts of money laundering. The district court sentenced him in May 2005 to 480 months of imprisonment, followed by five years of supervised release. The court further ordered Tarnawa to pay $13,491,048.00 in restitution to five victims, specifying:

> Restitution payments to being [sic] immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least ten percent of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances pursuant to 18 U.S.C. § 3664(k). While incarcerated, it is recommended that the defendant participate in the [IFRP] at a rate determined by the Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program.[1]

The Bureau of Prisons ("BOP") transferred Tarnawa from Texas to California in August 2009. Tarnawa thereafter filed a 28 U.S.C. § 2241 habeas petition. He contended that the warden impermissibly forced him to pay $30 a month toward restitution because the judgment did not establish a payment schedule and thereby unlawfully delegated authority to do so under

---

[1] "Inmates participating in IFRP commit a percentage of funds earned through prison employment toward payment of court-ordered monetary obligations." *United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017) (citing *United States v. Pacheco-Alvarado*, 782 F.3d 213, 218 (5th Cir.), *cert. denied*, 577 U.S. 879, 136 S. Ct. 175 (2015)); *see also* 28 C.F.R. § 545.10-11. Though participation is voluntary, "inmates who decline to participate or fail to comply with their agreed upon financial plan may face consequences such as limitations on work details or housing placement." *Diehl*, 848 F.3d at 633 (citations omitted).

No. 20-40295

the Mandatory Victim Restitution Act ("MVRA"). *Tarnawa v. Ives*, No. 2:09-CV-02429, 2011 WL 1047701, at *1 (E.D. Cal. Mar. 18, 2011). The California district court granted Tarnawa's habeas petition in April 2013 and ordered the warden to exempt him from the IFRP "unless the sentencing court specifies the restitution schedule."[2] *Tarnawa v. Ives*, No. 2:09-CV-02429, Dkt. 28 (E.D. Cal. Apr. 4, 2013).

The government then moved the sentencing court in the Eastern District of Texas to modify the original judgment under 18 U.S.C. § 3664(k) based on Tarnawa's materially changed economic circumstances, namely "his exemption from the [IFRP]." It argued that Tarnawa's exemption from the IFRP materially changed his economic circumstances because Tarnawa would no longer face consequences for not contributing earnings toward his restitution obligation while incarcerated. The government emphasized that, given Tarnawa's lengthy sentence, his victims could only be compensated with funds he earned while incarcerated. Thus, it requested a modified judgment requiring Tarnawa to pay 50 percent of his earnings toward the restitution obligation. Tarnawa moved to dismiss on the grounds that the sentencing court lacked jurisdiction to modify the judgment, and an order under § 3664(k) could not require him to participate in the IFRP. Tarnawa further emphasized that his economic circumstances had not materially

---

[2] The California district court originally dismissed the petition. *Id.* at *3. But the Ninth Circuit vacated that judgment and remanded in light of its decision in *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012) (holding that that a judgment impermissibly delegated authority to set a payment schedule to the BOP). *Tarnawa v. Ives*, No. 11-17641 (9th Cir. Feb. 26, 2013); *Tarnawa v. Ives*, No. 2:09-CV-02429, Dkt. 25 (E.D. Cal. Feb. 26, 2013). The *Ward* court did, however, acknowledge that "'the Fourth, Fifth, and Seventh Circuits have held that a judgment of conviction need not contain a schedule of restitution payments to be made during the period of incarceration.'" 678 F.3d at 1047 n.2 (quoting *United States v. Lemoine*, 546 F.3d 1042, 1048 n.4 (9th Cir. 2008)).

No. 20-40295

changed. The sentencing court granted the government's motion and amended the judgment to state:

> While incarcerated, it is recommended that the defendant participate in the [IFRP]. During the term of imprisonment, restitution is payable every three months in an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the defendant's inmate trust fund account.

Tarnawa timely appealed and was appointed pro bono counsel.

## II.  STANDARD OF REVIEW

This court "review[s] the legality of the district court's order of restitution de novo . . . . [and] the propriety of a particular award for an abuse of discretion." *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998) (citing *United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992)). Factual findings supporting the award are reviewed for clear error. *See United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012) (citation omitted)).

The parties appear to dispute the appropriate standard of review of a judgment modified under Sec 3664(k). Our sister circuits seem to take different positions on whether to conduct appellate review *de novo*[3] or for abuse of discretion.[4] We need not take a position on the precise standard

---

[3] *See United States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000); *United States v. Bratton-Bey*, 564 F. App'x. 28, 29 (4th Cir. 2014) (*per curiam*) (citing *Grant*, 235 F.3d at 99); *United States v. Baxter*, 2019 WL 661502, at *1 (D.C. Cir. 2019) (*per curiam*) (citing *United States v. Simpson-El*, 856 F.3d 1295, 1296 (10th Cir. 2017) (assuming without deciding that a *de novo* standard of review applied)).

[4] *See United States v. Knight*, 315 F. App'x. 435, 436-37 (3d Cir. 2009) (citation omitted); *United States v. Holley*, No. 19-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020) (*per curiam*) (citing *United States v. Dale*, 613 F. App'x 912, 913 (11th Cir. 2015) (*per curiam*)); *United States v. Boal*, 534 F.3d 965, 968 (8th Cir. 2008) (citing *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) (*per curiam*)); *United States v. McClamma*, 146 F. App'x. 446, 448 (11th Cir. 2005) (*per curiam*) (citing *Vanhorn*, 399 F.3d at 886). The

No. 20-40295

because the modification must be affirmed either way. And on this record, it is also unnecessary to decide which party bears the burden of proof when the government seeks modification pursuant to § 3664(k).

## III. DISCUSSION

The MVRA *requires* defendants pay restitution if they commit "an offense against property . . . including any offense committed by fraud or deceit[,]"and "an identifiable victim or victims . . . suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii), (c)(1)(B). Upon making such findings, district courts must "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A)). "A person sentenced to pay . . . restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). But the MVRA further requires courts to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid in consideration of . . . ." the defendant's assets, income, and financial obligations. 18 U.S.C. § 3664(f)(2).

A sentence imposing restitution constitutes a final judgment; but, because § 3664(f)(2) only accounts for the defendant's financial circumstances at sentencing, the MVRA instructs that:

> the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material

---

different standards may depend on whether a court is interpreting the statutory language to determine if there is jurisdiction to modify as opposed to review of the exercise of discretion where the statute allows it.

No. 20-40295

> change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k), (o)(1)(D). Procedurally, courts determine whether a defendant's economic circumstances have materially changed "by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Franklin*, 595 F. App'x 267, 273 (5th Cir. 2014) (*per curiam*) (quoting *Grant*, 235 F.3d at 100). Substantively, a material change is "a *bona fide* change in the defendant's financial condition, either positive or negative." *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) (citation omitted) (emphasis in original); *see also United States v. Grigsby (Grigsby II)*, 579 F. App'x 680, 684 (10th Cir. 2014) (citing *Cani*, 331 F.3d at 1215). A change must also be *immediate* to be material. *See Vanhorn*, 399 F.3d at 886; *see also United States v. Surber*, 94 F. App'x. 355, 356 (7th Cir. 2004) (*per curiam*).

"In summary, the MVRA requires the district court to: (a) order the full amount of restitution; (b) establish an original payment schedule that takes into consideration the defendant's financial situation; and (c) respond to any change in the defendant's economic condition by adjusting the schedule. All of this has the goal of making 'full payment' in the shortest time possible." *United States v. Scales*, 639 F. App'x. 233, 239 (5th Cir. 2016).

## A.

Tarnawa argues that the sentencing court erred by modifying the judgment pursuant to § 3664(k) without articulating its consideration of the

factors under § 3664(f)(2). To support this argument, Tarnawa cites the Fourth Circuit's decision in *United States v. Grant*. In *Grant*, the court held that "it is not sufficient that the district court merely consider [the defendant's financial resources, assets, projected income and other financial obligations under § 3664(f)(2)]; the court must actually demonstrate its consideration of them on the record." 715 F.3d 552, 558 (4th Cir. 2013) (citations omitted). But the § 3664(f)(2) factors are relevant when the court fixes the original restitution payment schedule. Tarnawa cites no authorities that link the § 3664(f)(2) factors to § 3664(k). The absence of any such link in the MVRA's plain text forecloses Tarnawa's attempt to import interpretations of § 3664(f)(2) into § 3664(k).

But, even if the § 3664(f)(2) factors did apply to modifications under § 3664(k), *Grant* conflicts with this court's precedents. The Fifth Circuit holds that district courts "need not make specific findings [when originally imposing restitution] if the record provides an adequate basis to support the restitution order." *United States v. Blocker*, 104 F.3d 720, 737 (5th Cir. 1997) (citing *United States v. St. Gelais*, 952 F.2d 90, 97 (5th Cir.), *cert. denied*, 506 U.S. 965, 113 S. Ct. 439 (1992)). Put another way, "[s]entencing judges are accorded broad discretion in ordering restitution and are not required to make specific findings on each factor listed in § 3664." *United States v. Impson*, 129 F.3d 606, 1997 WL 680365, at *1 (citations omitted) (5th Cir. 1997) (*per curiam*). Thus, Tarnawa's first argument for vacating the modified judgment fails.

**B.**

Tarnawa further argues that the sentencing court erred because his ability to accumulate wages while incarcerated does not constitute a material change in his economic circumstances. He relies on *United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019), where this court remarked in *dicta* that "it

is dubious whether the gradual accumulation of prison wages constitutes a 'material change in the defendant's economic circumstances,'" as contemplated by § 3664(k). This argument is also unpersuasive.

The "material change" occurred in Tarnawa's economic circumstances when, as a consequence of the California court's habeas judgment, he became exempt from the IFRP and was allowed to keep 100% of his prison wages, as opposed to being required to hand over $30/month toward restitution (the amount prescribed by the prison warden). For more than seven years, until the district court here ordered a payment schedule, Tarnawa was not required to devote any of his wages to the restitution obligation. This one-time event occurred when the court relieved Tarnawa from what would otherwise have been a significant deduction from his inmate wages. Hence this event differentiates Tarnawa's situation from the mere gradual accumulation of prison wages. *See, e.g., Grant,* 235 F.3d at 97-98, 100-01 (defendant's circumstances changed materially after state authorities unfroze inmate account holding $400); *United States v. White,* 745 F. App'x 646, 648 (7th Cir. 2018) (*per curiam*) (influx of over $5,000 into inmate account was material change); *United States v. Dye,* 48 F. App'x 218, 220 (8th Cir. 2002) (*per curiam*) (access to previously seized computer and $1,261 constituted material change); *United States v. Kidd,* 23 F.4th 781, 787 (8th Cir.) ("even a 'gradual accumulation of prison wages' could in some circumstances constitute a 'material change in the defendant's economic circumstances[]'") (quoting *Hughes*, 914 F.3d at 951).

Moreover, holding that an exemption from the IFRP does not materially change a defendant's economic circumstances would undermine the principles of criminal restitution. A convicted criminal "cannot escape his responsibility to restore his victims by hiding behind his sentencing order, not when he has the means to pay and not when the law provides a remedy

that the government and the district court may act upon." *United States v. Rand*, 924 F.3d 140, 143-44 (5th Cir. 2019).  Because § 3664(k) expressly provides a mechanism to avoid that result, Tarnawa should not be allowed to exploit his conditional exemption from the IFRP to limit or deny compensation to the victims.  Particularly is this true because Tarnawa himself sought the habeas order that only conditionally exempted him from what the California courts considered a technically-unauthorized IFRP order.

For these reasons, the judgment of the district court is AFFIRMED.