[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14240

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STACY LEON BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 6:02-cr-00017-HL-TQL-2

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Stacy Butler, proceeding *pro se*, appeals the district court's order granting in part the government's motion to amend his restitution order to apply his recent settlement award from an unrelated civil case to his outstanding restitution obligation under 18 U.S.C. § 3664(n).

We review a district court's disposition of an 18 U.S.C. § 3664(k) motion for an abuse of discretion. *See United States v. McClamma*, 146 F. App'x 446, 448-49 & n.1 (11th Cir. 2005) (citing *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005)). We also review questions of statutory interpretation *de novo*. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).

The relevant statutory scheme for the issuance and enforcement of restitution orders is contained in 18 U.S.C. §§ 3572, 3613, and 3664. The district court, not the government, is charged with determining how a defendant is to pay restitution. *See* 18 U.S.C. § 3664(f)(2). Under the Mandatory Victims Restitution Act of 1996 ("MVRA"), in each restitution order, "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A) ("Upon determination of the amount of restitution owed to each victim, the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid .

. . .").  The court will look to the financial resources and other assets of the defendant, the projected earnings and income of the defendant, and any other financial obligations of the defendant.  *Id.* § 3664(f)(2).

Under the MVRA, a district court may modify a final order of restitution upon a showing of a material change in the defendant's circumstances.  *Id.* § 3664(k).  Either the government, the victim, or the defendant himself may notify the district court and Attorney General of a material change in the defendant's financial circumstances that might affect his ability to pay restitution.  *Id.*  The Attorney General must then certify to the court that the victim who is owed restitution was notified of the change in circumstances.  *Id.*  Upon receipt of the certification from the Attorney General, the court may, on its own motion, or the motion of the government, the victim, or the defendant, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.  *Id.*  The MVRA further instructs that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."  *Id.* § 3664(n).

Under the plain language of 18 U.S.C. § 3664(n), Butler was required to apply the amount obtained in settlement to his owed restitution, and § 3664(k) permitted the district court to amend his restitution order to allow as much.  We therefore conclude that the

4                    Opinion of the Court                    22-14240

district court did not abuse its discretion in amending Butler's restitution order to apply his settlement award to his owed restitution and affirm the district court's order.

**AFFIRMED.**