FILED
United States Court of Appeals
Tenth Circuit

November 9, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

     Defendant - Appellant.

No. 17-3110
(D.C. No. 6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

I.

     Petitioner Phillip Andra Grigsby appeals the district court's decision denying

his pro se motion, entitled "Motion for Judicial Notice of Jurisdiction."  We

AFFIRM.

II.

     Grigsby is serving a 260-year prison sentence for sexually exploiting a nine-

year-old child for the purpose of producing visual depictions, possessing with intent

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to view child pornography, and being a felon in possession of a firearm. At sentencing, Tammy Grigsby, Grigsby's wife, asked the district court to prohibit Grigsby from contacting the victim and the victim's immediate family members, herself included. As a special condition on Grigsby's supervised release terms, the district court imposed a no-contact order forbidding Grigsby from any contact with the victim and the victim's immediate family members, including her brother, and her mother, Tammy Grigsby.

On March 7, 2014, Grigsby sought modification of the district court's no-contact order. Grigsby wanted to immediately contact the victim's minor brother, and to contact the victim when a psychologist deemed it appropriate. The district court denied Grigsby's motion, which we affirmed on appeal.[1]

On April 24, 2017, Grigsby filed a "Motion for Judicial Notice of Jurisdiction" in the United States District Court for the District of Kansas. Grigsby noted in the motion that he is involved in state court proceedings in which he is seeking monitored mail and telephone calls with his children. Grigsby then sought from the district court answers to the following three questions:

1. Can Mr. Grigsby's wife (Tammy Grigsby) request and be granted the no contact order be lifted?

---

[1] We noted, "Grigsby's motion is woefully premature, given he only began serving his 260-year sentence in 2013, and he has not provided any legitimate change in circumstance to support modifying the prohibition of his contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any minor child for that matter." United States v. Grigsby, 579 F. App'x 680, 686 (10th Cir. 2014) (unpublished opinion).

2.  Can the United States District Court for the District of Kansas, Wichita remove the no contact order if and when Tammy Grigsby requests the no contact order be lifted?

3.  Can the State of Kansas District Court (divorce) assume jurisdiction of the no contact order after the United States District Court vacates the no contact order?

ROA at 29.

The district court concluded that Grigsby was seeking, in essence, an advisory opinion regarding how to lift the no-contact order. The district court declined to answer Grigsby's hypothetical questions and denied Grigsby's motion. Grigsby now appeals the district court's decision, seeking from this court a remand to the district court and an order directing the district court to answer Grigsby's questions.

III.

The district court correctly declined to answer Grigsby's questions. "The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." United States v. Ramos, 695 F.3d 1035, 1046 (10th Cir. 2012) (citation omitted). "The requirements of Article III standing are well settled"—plaintiff must show "[an] injury in fact, traceability, and redressability." Id. at 1045 (citation omitted). "[F]ederal courts established pursuant to Article III of the Constitution do not render advisory opinions." Golden v. Zwicker, 394 U.S. 103, 108 (1969). "[C]oncrete legal issues, presented in actual cases, not abstractions are requisite." Id. (citation omitted).

Grigsby does not have standing to pursue this appeal, nor did he have standing to file his motion at the district court. The district court correctly held that Grigsby's

3

"questions are hypothetical, premised on a *possible* motion by [his] former wife, a motion which is not before this court." ROA at 33 (emphasis in original). Grigsby's questions are speculative. They only become relevant if Tammy Grigsby asks the district court to lift the no-contact order. She has not done so. Thus, there is no live case or controversy before us, nor was there one before the district court. Had the district court answered Grigsby's questions, it would have issued an advisory opinion, which the Constitution prohibits.

In his second issue on appeal, Grigsby describes his rehabilitative efforts while incarcerated. To the extent Grigsby is again seeking to modify the no-contact order as a part of those efforts, this argument was not presented to the district court in his "Motion for Judicial Notice of Jurisdiction." It is therefore not properly before us, and we decline to consider it.

IV.

We AFFIRM the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge